**BOREN, OSHER & LUFTMAN**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
5900 Wilshire Blvd., Suite 920
Los Angeles California 90036
Tel: (323) 937-9900
Fax: (323) 937-9910

**BURROWS LAW FIRM**
Christopher L. Burrows (SBN 222301)
Email: cburrows@cburrowslaw.com
6080 Center Drive, Suite 600
Los Angeles, CA 90045
Tel: (310) 242-5238
Fax: (310) 242-5201

Attorneys for Plaintiff, the Classes,
and Aggrieved Employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MAIA BRADESCU, as an individual and on behalf of all others similarly situated, | CASE NO. SACV 13 - 01289 MWF (AGRx) |
| | **CLASS AND REPRESENTATIVE ACTION COMPLAINT:** |
| Plaintiff, | (1) **FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);** |
| vs. | |
| HILLSTONE RESTAURANT GROUP, INC., a Delaware Corporation; and DOES 1 through 10, | (2) **FAIR LABOR STANDARDS ACT, (29 U.S.C. § 201 et seq.);** |
| | (3) **REST PERIOD VIOLATIONS (LABOR CODE § 226.7, 516, 558);** |
| Defendants | (4) **MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, AND 558);** |
| | (5) **WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 et seq.);** |
| | (6) **WAITING TIME PENALTIES (LABOR** |

---

1

CODE §§ 201 – 203);

(7) **FAILURE TO REIMBURSE EMPLOYEES FOR NECESSARY EXPENDITURES (LABOR CODE §§ 2802, 2804);**

(8) **UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*);**

(9) **CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 *et seq.*)**

**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE**

Plaintiff Maia Bradescu ("Plaintiff") on behalf of herself and all others similarly situated, hereby brings this Class, Collective and Representative Action Complaint against Defendants Hillstone Restaurant Group, Inc., a Delaware Corporation; and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.      Plaintiff, on behalf of herself and all others similarly situated, hereby brings this class, collective and representative action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code §17200, *et. seq.*, Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 516, 558, 1174, 1194, 1197, 1198, 2698 *et seq.*, and Industrial Welfare Commission Wage Order No. 5 ("IWC Wage Order"), in addition to seeking injunctive relief, declaratory relief, and restitution.

2.      This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law. This Court has jurisdiction over Defendants' violations

of the California Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code and IWC Wage Order, because these claims derive from the same common nucleus of operative facts as Plaintiff's claims alleged under the FLSA.

## VENUE

3.     Venue is proper under 28 U.S.C. 1391 because Defendants do business in Orange County and the acts alleged herein took place in Orange County.  Further Plaintiff does now, and at all times relevant herein did, reside in Orange County and was employed by Defendants within Orange County. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiff within the Central District of California.

## PARTIES

4.     Plaintiff is an individual over the age of eighteen (18).  At all relevant times herein, Plaintiff was and currently is, a California resident, residing in the county of Orange.  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as hourly non-exempt employees.  Plaintiff was, and is, a victim of Defendants' policies and/or practices complained, lost money and/or property, and has been deprived of the rights guaranteed to her by the FLSA, California Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 516, 558, 1174, 1194, 1197, 1198, 2698 *et seq.*, 2802, 2804, California Business and Professions Code § 17200 *et seq.* (Unfair Competition), and California Industrial Welfare Commission Wage Order 5-2001 (hereafter "Wage Order 5-2001"), which sets employment standards for the public housekeeping industry.

5.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating restaurants in Orange County, California and the United States, and employed Plaintiff and other, similarly-situated hourly non-exempt employees within Orange County and, therefore, were (and are) doing business in Orange County and the State of California.

6.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant Hillstone Restaurant Group, Inc., were licensed to do business in California and the County of Orange, and was the employer of Plaintiff and the Classes (as defined in Paragraph 20) because they (1) exercised control over the wages, hours, or working conditions of Plaintiff and the Classes; (2) suffered or permitted Plaintiff and the Classes to work; or (3) engaged Plaintiff and the Classes to work, thereby creating a common law employment relationship.

7.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered.  Plaintiff is informed and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

8.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named

Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9.     At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and integrated/common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and integrated/common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members.

## GENERAL FACTUAL ALLEGATIONS

10.     Plaintiff was employed by Defendants as a non-exempt employee with the job titles of Server and Shift Lead, from approximately January 2009 to May 2013.

11.     During Plaintiff's employment with Defendants, she received various forms of non-discretionary incentive pay, such as discounted and/or free meals, and/or other forms of pay which are not excludable under California Law and the FLSA when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

12.     The discounted and/or free meals provided to Plaintiff as referenced in the preceding paragraph, were pursuant to a companywide policy that allows non-exempt employees to order any item at half-price when dining as a guest. In addition, when Plaintiff worked as a Shift Lead, she was provided with free meals.

13.     Despite Defendants' payment of Incentive Pay to Plaintiff, Defendants failed to include all forms of Incentive Pay when calculating

Plaintiff's regular rate of pay, thereby causing Plaintiff to be underpaid all of her required overtime wages.  Rather, Plaintiff was only paid one and a half times her base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

14.    As a further result of failing to properly calculate Plaintiff's regular rate of pay, Plaintiff was not paid meal period premium payments for meal periods that were not provided as required by law at her regular rate of pay, as required by Labor Code section 226.7.

15.    In addition to failing to correctly pay Plaintiff for overtime work performed, and miscalculating her regular rate of pay for meal period premium payments, Defendants also failed to maintain a lawfully compliant rest period policy during her employment.  Rather, Defendants policy only states that "employees may be authorized to take breaks…as provided by various state laws."

16.    Despite Defendants' failure to provide Plaintiff with all rest periods to which she was legally entitled due to their lack of a rest period policy, Defendants never provided Plaintiff with an hour of pay at her regular rate of pay as required by Labor Code § 226.7.

17.    Defendants also required to Plaintiff to purchase black slip resistant shoes, pants, shirts, ties and aprons, but did not adequately reimburse Plaintiff for the cost of such items.  Rather, Defendant only paid Plaintiff an $8.00 Attire Allowance every pay period, and which was taxed as wages.  This Attire Allowance did not adequately reimburse Plaintiff for her necessary business expenditures.

18.    In addition, when Plaintiff worked as a Server, she was paid a different rate of pay than when she worked as a Shift Lead.  Notwithstanding that Plaintiff was paid different rates for her Server and Shift Lead duties, Defendants

6

did not provide Plaintiff with wage statements that identified how many hours were worked in each of these respective positions, nor did the wage statements reflect these different rates of pay. Rather, Plaintiff's wage statements grouped these hours together as "regular" hours and blended the rate of pay, such that Plaintiff has been unable to determine if she has been correctly paid all wages.

19. As a result of Defendants' failure to pay overtime pay at the correct rate, failure to pay meal period premium pay at the regular rate of pay, and failure to separate the hours worked and rates of pay for Plaintiff when working as a Shift Lead and Supervisor, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

20. Class Definition: Plaintiff brings this action on behalf of herself and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure and the FLSA:

a. The California Overtime Class consists of all Defendants' current and former hourly non-exempt employees in California who received Incentive Pay and overtime compensation in a corresponding time period, during the four years immediately preceding the filing of the Complaint through the present.

b. The FLSA Overtime Class consists of all Defendants' current and former hourly non-exempt employees throughout the United States, who received Incentive Pay and overtime compensation in a corresponding time period, during the three years immediately preceding the filing of the Complaint through the present.

c. The Rest Period Class consists of all Defendants' current and former hourly non-exempt employees in California who were not provided with all required rest periods, during the four years immediately preceding the filing of the Complaint through the present.

d.      The Meal Period Class consists of all Defendants' current and former hourly non-exempt employees in California who received a meal period premium payment which was not paid at the employee's regular rate of pay, during the four years immediately preceding the filing of the Complaint through the present.

e.      The Wage Statement Class consists of: (1) members of the California Overtime Class, for whom Defendants' failed to include all forms of Incentive Pay in the regular rate which resulted in the underpayment of overtime wages; and/or (2) members of the Rest Period Class who were deprived of rest periods due to Defendants' failure to maintain a legally compliant rest period policy; and/or (3) members of the Meal Period Class who were paid a meal period premium at the employees' base rate of pay as opposed to regular rate of pay, during the one year immediately preceding the filing of the Complaint through the present.

f.      The Waiting Time Penalty Class consists of Defendants' formerly employed members of the: (1) California Overtime Class, for whom Defendants failed to include all forms of Incentive Pay in the regular rate which resulted in the underpayment of overtime wages; and/or (2) members of the Rest Period Class who were deprived of all rest periods due to Defendants' failure to maintain a legally compliant rest period policy; and/or (3) members of the Meal Period Class who were paid a meal period premium at the employees' base rate of pay as opposed to regular rate of pay, during the three years immediately preceding the filing of the Complaint through the present.

g.      The Employee Expense Class consists of all Defendants' current and former hourly non-exempt employees in California who purchased pants, shirts, ties, aprons, non-slip work shoes and other reasonable and necessary work expenditures without reimbursement during the four years immediately preceding the filing of the Complaint through the present.

21.     Plaintiff is further informed and believes that Defendants and members of the California Overtime Classes failed to enter into an agreement or understanding for a work period of fourteen (14) consecutive days in lieu of a workweek of seven (7) consecutive days for purposes of overtime computation pursuant to IWC Wage Order No. 5-2001, § 3(D).

22.     **Numerosity/Ascertainability:**  The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff, at this time; however, it is estimated that the Classes number greater than one-thousand (1,000) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

23.     **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.      Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§510 and1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii.     Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California and FLSA Overtime Classes;

iii.    Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Class violated California law and/or the FLSA;

iv.     Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code 226;

v.      Whether Defendant failed to maintain accurate records for members of the Record Keeping Class;

vi.     Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful;

vii.    Whether Defendants and members of the California Overtime Class entered into an agreement or understanding for a work period of fourteen (14) consecutive days in lieu of a workweek of seven (7) consecutive days for purposes of overtime computation, as required by IWC Wage Order No. 5-2001, § 3(D);

viii.   Whether Defendants' rest break policy is unlawful, thereby depriving members of the Rest Period Class of all rest breaks to which they are entitled as a matter of law.

24.     **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of calculating overtime payments for the members of the California and FLSA Overtime Classes, and their uniform implementation of an unlawful rest period policy that fails to give effect to the "major fraction" language of the IWC Wage Order.  As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

25.     **Typicality:**  The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California and the United States during the statutes of limitation applicable to each cause of action pled in the Complaint in this action.  As alleged herein,

Plaintiff, like the members of the Classes, was deprived of all overtime wages, was not provided with all rest periods, was furnished with inaccurate and incomplete wage statements, was not paid all wages owed at the time of her termination, and was not reimbursed for all necessary business expenses.

26. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

27. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion

of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

28.     As such, the Classes identified in Paragraph 20 are maintainable as a Class under Section 382 of the Code of Civil Procedure.

## FIRST CLAIM

## FAILURE TO PAY OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30.     This cause of action is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

31.     Plaintiff and members of the California Overtime Class worked overtime hours and were paid various forms of Incentive Pay, which are not statutory exclusions when calculating an employee's regular rate.  At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and IWC Wage Order No. 5-2001.  Wage Order 5-2001, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek.  Wage Order 5-2001, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

32.     Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the California Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay.  Rather, Plaintiff and members of the California Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.  Accordingly, Plaintiff and members of the California Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

Class, Collective and Representative Action Complaint

33. Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rates for said work violates California Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198, and IWC Wage Order 5-2001.

34. Plaintiff is informed and believes and thereon alleges that the job duties and responsibilities of the California Overtime Class are irrelevant because Plaintiff and all others similarly situated merely allege wrongdoing with Defendants' pay policies and practices as to calculating the applicable overtime rates of pay for overtime worked by members of the California Overtime Class.

35. The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 510, 558, 1194, 1198, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

## SECOND CLAIM
## FLSA VIOLATIONS
## (AGAINST ALL DEFENDANTS)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. This cause of action is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

38. Plaintiff and members of the FLSA Overtime Class worked in excess of 40 hours per workweek, and earned overtime compensation, and received various forms of Incentive Pay, which are not exclusions when calculating the regular rate of pay.

14

Class, Collective and Representative Action Complaint

39.     Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the FLSA Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.  Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

40.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

41.     Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

42.     Defendants' policy and practice of failing to include all forms of Incentive Pay in the overtime rate calculations for Plaintiff and members of the FLSA Overtime Class creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

///

///

///

Class, Collective and Representative Action Complaint

## THIRD CLAIM

## REST PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

43.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44.     Wage Order 5-2001, § 12 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

45.     Plaintiff is informed and believe that Defendants maintained an unlawful, class-wide rest period policy, which failed to comply with the requirements of Wage Order No.5.

46.     As a result of Defendants' unlawful, class-wide rest period policy, Plaintiff and members of the Rest Period Class were not provided with all rest periods to which they were entitled under California law.  Even though Plaintiff and members of the Rest Period Class worked shifts greater than three and one-half hours but less than four hours, greater than six hours but less than eight hours, and greater than ten hours but less than twelve hours, Plaintiff and members of the Rest Period Class were deprived of all of the rest periods that they were entitled to as a result of Defendants' class-wide rest period policy.  Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and the Rest Period Class at their respective regular rates of pay.

47.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of

suit according to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## FOURTH CLAIM

## MEAL PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

48.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49.     Defendants failed to provide all of their hourly non-exempt employees, including Plaintiff and members of the Meal Period Class, with proper meal periods in accordance with the mandates of the California Labor Code and IWC Wage Order 5-2001.  As such, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and IWC Wage Order No. 5-2001.

50.     Plaintiff is informed and believes that Defendants maintained a class-wide policy and/or practice of failing to pay meal period premiums at the employee's regular rate of pay, despite these employees not being provided with a legally complaint meal period.  As a result, Plaintiff and members of the Meal Period Class are consequently owed unpaid wages per California Labor Code §§ 204, 210 and 558 and meal period premium payments per California Labor Code § 512 and 226.7, including interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

## FIFTH CLAIM

## WAGE STATEMENT VIOLATIONS

## (AGAINST ALL DEFENDANTS)

51.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

52.     Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish her and members of the Wage Statement Class with accurate and complete wage statements regarding their regular rates of pay, rates of overtime pay, total gross wages earned, meal and rest period premiums, and total net wages earned, in violation of Labor Code § 226.

53.     Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime wages, rest period premiums, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

54.     Defendants' failures creates an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

**SIXTH CLAIM**

**WAITING TIME PENALTIES**

**(AGAINST ALL DEFENDANTS)**

55.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56.     This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit,

18

Class, Collective and Representative Action Complaint

said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

57.    Defendants failed to timely pay Plaintiff all of her final wages at the time of termination which includes, among other things, underpaid overtime and meal and rest period premiums.  Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

58.    Defendants' wilful failure to timely pay Plaintiff and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

**SEVENTH CLAIM**

**FAILURE TO REIMBURSE EMPLOYEES**

**FOR NECESSARY BUSINESS EXPENSES**

**(AGAINST ALL DEFENDANTS)**

59.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60.    Based on information and belief, Defendants required Plaintiff and members of the Employee Expense Class to purchase black non-slip shoes, pants, shirts, ties, aprons and other reasonable and necessary work expenditures related to their work uniforms.  Although Plaintiff and members of the Employee Expense Class did not earn more than twice the minimum wage during the four

years preceding the filing of the Complaint, Defendants did not adequately reimburse them for these expenses, as Defendants only provided an $8 taxed Attire Allowance every pay period.

61. At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or obedience to the directions of the employer."

62. At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which she is entitled under the laws of this State."

63. As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802 and 2804, and Wage Order 5-2001, § 9, Plaintiff and members of the Employee Expense Class were damaged in sums, which will be shown according to proof.

64. Plaintiff and members of the Employee Expense Class are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

65. Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions. Thus, Plaintiff and members of the Employee Expense Class are entitled to interest, which shall accrue from the date on which they incurred the necessary expenditure.

Class, Collective and Representative Action Complaint

# EIGHTH CLAIM
## UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

66.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 65 as though fully set forth herein.

67.   Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by: (a) failing to pay Plaintiff and members of the California Overtime Class all overtime wages owed due to miscalculation of the regular rate; (b) knowingly failing to furnish Plaintiff and members of the Wage Statement Class with accurate and complete wage statements in violation of Labor Code § 226; (c) willfully failing to timely pay Plaintiff and members of the Waiting Time Class all final wages upon termination of employment; (d) failing to pay the Rest Period Class rest period premiums at the employee's regular rate of pay when a rest period was not provided; (e) failing to pay the Meal Period Class meal period premiums at the employee's regular rate of pay when a meal period was not provided; and (f) failing to reimburse members of the Employee Expense Class for all necessary business expenditures.

68.   Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

69.   Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for herself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to

restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

70.   The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

71.   Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution, to secure injunctive relief on behalf of Defendants' current hourly non-exempt employees, and to enforce important rights affecting the public interest.  Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

**NINTH CLAIM**

**PRIVATE ATTORNEYS GENERAL ACT**

**(AGAINST ALL DEFENDANTS)**

72.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 71 as though fully set forth herein.

73.   Defendants have committed several Labor Code violations against Plaintiff, members of the Classes, and other similarly aggrieved employees.

74.   Plaintiff, an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of herself and other similarly aggrieved employees, brings this representative action against Defendants to recover the civil penalties due to Plaintiff, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

(a)   Failing to pay Plaintiff, the Overtime Class, and other similarly aggrieved employees all earned overtime compensation in violation of Labor

22

Class, Collective and Representative Action Complaint

Code §§ 204, 510, 1194, and 1198 *et seq.*;

(b)    Failing to furnish Plaintiff, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226;

(c)    Failing to timely pay all final wages and compensation earned by Plaintiff, the Waiting Time Class, and other similarly aggrieved employees at the time of termination in violation of Labor Code §§ 201 – 203;

(d)    Failing to maintain accurate records on behalf of Plaintiff and similarly aggrieved employees in violation of Labor Code § 1174;

(e)    Failing to pay rest period premiums to Plaintiff and members of the Rest Period Class at these employees' respective regular rates of pay in violation of Labor Code §§ 226.7, 512, 516, and 558;

(f)    Failing to pay meal period premiums to Plaintiff and members of the Meal Period Class at these employees' respective regular rates of pay in violation of Labor Code §§ 226.7, 512, and 558.

(g)    Failing to reimburse Plaintiff, the Employee Expense Class, and other similarly aggrieved employees for black-non slip work shoes, shirts, pants, ties, aprons and other necessary work expenditures in violation of Labor Code § 2802.

75.    On or about August 21, 2013, Plaintiff notified Defendants and the California Labor and Workforce Development Agency ("LWDA") via certified mail of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.* with respect to the violations of the California Labor Code identified in Paragraph 74 (a)-(g). Once thirty-three days have passed from Plaintiff notifying Defendants of the aforementioned violations, Plaintiff will have exhausted her administrative requirements for bringing a claim under the Private Attorneys General Act.

76.     Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests, that of the members of the classes, and other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants.  Plaintiff has thereby incurred attorneys' fees and costs, which she is entitled to recover under California Labor Code § 2699.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5. Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

6. Upon the Third Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

7. Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

8. Upon the Fifth Claim, for statutory penalties pursuant to Labor Code § 226;

Class, Collective and Representative Action Complaint

9. Upon the Sixth Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

10. Upon the Seventh Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 2802 and 2804;

11. Upon the Eighth Claim, for injunctive relief and restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

12. Upon the Ninth Claim, for civil penalties due to Plaintiff, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for each initial violation and $100 for each subsequent violation of Labor Code § 558 per employee per pay period plus an amount sufficient to recover the unpaid wages and; (2) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code § 2699.5;

13. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

14. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, 2698 *et seq.*, 2802, and Code of Civil Procedure § 1021.5.

///

///

15. For such other and further relief the Court may deem just and proper.

Dated:  August 21, 2013

Respectfully submitted,
BOREN, OSHER & LUFTMAN LLP

By: _____
Paul K. Haines
Attorneys for Plaintiff, the Classes and
Aggrieved Employees

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated:  August 21, 2013

BOREN, OSHER & LUFTMAN LLP

By: _____
Paul K. Haines
Attorneys for Plaintiff, the Classes and
Aggrieved Employees

Class, Collective and Representative Action Complaint

08/21/2013  18:08    949--458-2435        FEDEX OFFICE        0306                    PAGE  30

# CONSENT OF PLAINTIFF MAIA BRADESCU

## RE CONSENT TO SUE

I, Maia Bradescu, declare:

1.    I am a Plaintiff in the above-captioned action.  The following is of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.    I hereby consent to be joined in this suit against Defendants Hillstone Restaurant Group, Inc., a Delaware Corporation; and DOES 1 to 10 under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et seq.*, for unpaid overtime wages and other relief available under the Act.

3.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 20, 2013 in  Irvine , California.


Maia B
Maia Bradescu

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge     Michael W. Fitzgerald     and the assigned
Magistrate Judge is          Alicia G. Rosenberg          .

The case number on all documents filed with the Court should read as follows:

## SACV 13-01289 MWF (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of
California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

August 22, 2013                              By  D. Vo
_____                                    _____
Date                                             Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is
filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐  Western Division          ☒  Southern Division              ☐  Eastern Division
   312 N. Spring Street, G-8     411 West Fourth St., Ste 1053     3470 Twelfth Street, Room 134
   Los Angeles, CA 90012        Santa Ana, CA 92701               Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

Original

Paul K. Haines (SBN 248226)
BOREN OSHER & LUFTMAN
5900 Wilshire Blvd., Suite 920
Los Angeles, California 90036
Phone: 323-937-9900
Fax:    323-937-9910

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MAIA BRADESCU, as an individual and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>HILLSTONE RESTAURANT GROUP, INC., a Delaware Corporation; and DOES 1 through 10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV 13 - 01289 MWF (AGRx)**<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Boren Osher & Luftman _____, whose address is 5900 Wilshire Blvd., Suite 920, Los Angeles, California 90036 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: August 22, 2013 _____

By: _____**DENISE VO**_____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Maia Bradescu

**DEFENDANTS**
HILLSTONE RESTAURANT GROUP, INC., a Delaware Corporation; and
DOES 1 through 10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Paul K. Haines, Esq. (SBN 248226); BOREN OSHER & LUFTMAN; 5900 Wilshire Blvd., Suite 920, Los Angeles, California 90036; Phone: 323-937-9900; Fax: 323-937-9910; Email: phaines@bollaw.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. Section 216; 28 U.S.C. Section 1331

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV 13 - 01289 MWF (AGRx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date August 22, 2013

     **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |