# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-1289-GW(RZx) | Date | October 10, 2014 |
| Title | *Maia Bradescu v. Hillstone Restaurant Group, Inc., et al.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Laura Elias | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Paul K. Haines | Greg S. Labate |
| Christopher L. Burrows | Lisa Maria Harris |
| Fletcher W. Schmidt | |

**PROCEEDINGS:    DEFENDANT HILLSTONE RESTAURANT GROUP, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT [22]**

The Court's Tentative Ruling is circulated and attached hereto.  Court hears oral argument.  Based on the Tentative Ruling and for reasons stated on the record, Defendant's motion is DENIED.

| | : | 05 |
|---|---|---|
| Initials of Preparer | JG | |

***Bradescu v. Hillstone Restaurant Group, Inc.***, Case No. SACV-13-1289 GW (RZx)
Ruling Following Supplemental Briefing re Motion for Partial Summary Judgment

Following a hearing held on this motion on September 18, 2014, and the issuance of a Tentative Ruling, *see* Docket No. 60, the parties submitted supplemental briefing (*see* Docket Nos. 68, 72) on two issues:  1) whether there was a triable issue of fact concerning whether or not defendant Hillstone Restaurant Group, Inc. ("Hillstone") enforced an on-duty meal period agreement against plaintiff Maia Bradescu ("Plaintiff") and 2) the sufficiency of Plaintiff's exhaustion efforts in connection with her claim under California's Private Attorneys General Act ("PAGA").[1]

With respect to the on-duty meal period agreement, Hillstone's primary tactic at this point in time is to attempt to impugn the "credibility" of the charts Plaintiff has prepared and submitted as related to this issue. *See, e.g.*, Docket No. 72, at 1:2-7, 2:9-10, 3:6-16. Courts do not weigh evidence, or assess credibility, at the summary judgment stage. As such, the Court is not in a good position to determine whether, in fact, Plaintiff *always* either took a meal period or was paid as a result of not having taken one. The summary judgment motion is therefore denied as to Issue Four identified in Hillstone's Notice of Motion (*see* Docket No. 22 at 1:24-27) and as to the second sentence of Issue Five identified in that document (*see id.* at 2:4-5).

On the issue of Plaintiff's PAGA exhaustion efforts, the Court will not change its view regarding the substance of Plaintiff's PAGA letter – it included sufficient "facts and theories" in certain respects, but not in others, as set forth in the Court's September 18 Tentative Ruling. *See* Docket No. 60 at pgs. 16-17 of 17; *see also* Cal. Lab. Code § 2699.3(a)(1).

Hillstone's position that PAGA exhaustion is "jurisdictional" was raised for the first time in this supplemental briefing. It will not be considered on this motion. In any event, the cases Hillstone cites for that point either do not deal with PAGA at all or involved deficient "facts and theories" notification, not the filing of a Complaint without

---

[1] For a more complete discussion of these issues – which is adopted herein, to the extent not inconsistent with the Court's following analysis – *see* Docket No. 60, at pgs. 7-12, 14-17 of 17.

waiting for the 33-day period to elapse. *See Alcantar v. Hobart Serv.*, No. ED CV 11-1600 PSG (SPx), 2013 WL 228501, *4-11 (C.D. Cal. Jan. 22, 2013).

With one exception, the other cases Hillstone cites as bearing upon PAGA administrative exhaustion, and which found shortcomings in that regard, again appear to involve situations where the plaintiff did not follow the exhaustion procedure *at all, see Kamar v. Radioshack Corp.*, No. CV 07-2252 AHM (AJWx), 2008 U.S. Dist. LEXIS 40581, *41-43 (C.D. Cal. May 15, 2008), or implicate the "notice and cure" provisions of Labor Code § 2699.3(c), not at issue here (or at least not argued to be at issue here), *see id.* at *43 and *Singer v. Becton, Dickinson & Co.*, No. 08cv821 IEG (BLM), 2008 U.S. Dist. LEXIS 56326, *17-18 (S.D. Cal. July 25, 2008), or did not even have a basis to decide the issue because it was beyond the scope of the motion at issue, *see Batson v. United Parcel Serv., Inc.*, No. 12cv0839 BTM (JMA), 2012 U.S. Dist. LEXIS 139567, *5-7 (S.D. Cal. Sept. 27, 2012).

The exception referenced above is *Stagner v. Luxottica Retail North America, Inc.*, No. C 11-02889 CW, No. C 11-03168 CW, 2011 U.S. Dist. LEXIS 93733 (N.D. Cal. Aug. 22, 2011), a case the Court cited in its September 18 Tentative Ruling. *See* Docket No. 60, at pg. 16 of 17, n.11. As the Court indicated, however, that case would at best give Hillstone a basis for arguing that Plaintiff should not be allowed to pursue any PAGA claims that would have been time-barred had Plaintiff properly waited 33 days before filing her PAGA claim. In *Stagner*, where the plaintiff filed her lawsuit the same day that she gave notice of her claims to the Labor and Workforce Development Agency, the district court ruled that "[b]ecause she brought her PAGA claim without satisfying the statute's requirements, she is not entitled to litigate this claim *as of May 12, 2011*, the date her complaint was filed." 2011 U.S. Dist. LEXIS 93733, at *18 (emphasis added). However, the court gave the plaintiff leave to amend and instructed that "[i]n any amended complaint, to satisfy the PAGA's requirements, Plaintiff must plead that the thirty-three day deadline passed without any notice from the LWDA." *Id.* If Hillstone desires that relief by way of this motion, it should indicate as much (although with Hillstone not having given notice of such desired relief, Plaintiff might be heard to object).

2

Finally, Hillstone has not attempted -- expressly -- to explain away the more-recent Plaintiff-favorable decisions the Court cited in its September 18 Tentative Ruling: *Hoang v. Vinh Phat Supermarket, Inc.*, No. CIV. 2:13-00724 WBS GGH, 2013 U.S. Dist. LEXIS 114475, *13-22 (E.D. Cal. Aug. 13, 2013); *Taylor v. Waddell & Reed, Inc.*, No. 09cv2909 AJB (WVG), 2012 U.S. Dist. LEXIS 117258, *6-8 (S.D. Cal. Aug. 20, 2012).

Except as discussed above in connection with the meal break claim, the Court confirms its September 18 Tentative Ruling as its final ruling on Hillstone's motion for summary judgment.