**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Tel: (310) 322-2220
Fax: (310) 322-2228

**BURROWS LAW FIRM**
Christopher L. Burrows (SBN 222301)
Email: cburrows@cburrowslaw.com
6080 Center Drive, Suite 600
Los Angeles, CA 90045
Tel: (310) 242-5238
Fax: (310) 242-5201

Attorneys for Plaintiffs, the Classes,
and Aggrieved Employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIA BRADESCU, STEVEN LUMINELLI, and VANESSA TAMAYO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HILLSTONE RESTAURANT GROUP, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants | Case No. SACV 13-1289 GW(RZx)<br><br>Assigned to: Hon. George H. Wu<br><br>**THIRD AMENDED CLASS, COLLECTIVE AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**<br><br>**(2) FAIR LABOR STANDARDS ACT, (29 U.S.C. § 201 et seq.);**<br><br>**(3) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 et seq.);**<br><br>**(4) WAITING TIME PENALTIES (LABOR CODE §§ 201 – 203);**<br><br>**(5) UNFAIR COMPETITION** |

**(BUS & PROF CODE §
17200 *et seq.*);**

**(6) CIVIL PENALTIES
UNDER THE PRIVATE
ATTORNEYS GENERAL
ACT (LABOR CODE §
2698 *et seq.*)**

**DEMAND FOR JURY TRIAL
UNLIMITED CIVIL CASE**

Plaintiffs Maia Bradescu, Steven Luminelli and Vanessa Tamayo (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, hereby bring this Class, Collective and Representative Action Complaint against Defendants Hillstone Restaurant Group, Inc., a Delaware Corporation; and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.     Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring this class, collective and representative action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code §17200, *et. seq.*, Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 516, 558, 1174, 1194, 1197, 1198, 2698 *et seq.*, and Industrial Welfare Commission Wage Order No. 5 ("IWC Wage Order"), in addition to seeking injunctive relief, declaratory relief, and restitution.

2.     This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights

arising under federal law.  This Court has jurisdiction over Defendants' violations of the California Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code and IWC Wage Order, because these claims derive from the same common nucleus of operative facts as Plaintiffs' claims alleged under the FLSA.

## VENUE

3.    Venue is proper under 28 U.S.C. 1391 because Defendants do business in Orange County and some of the acts alleged herein took place in Orange County.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiffs within the Central District of California.

## PARTIES

4.    Plaintiffs are individuals over the age of eighteen (18).  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiffs were employed by Defendants as hourly non-exempt employees. Plaintiffs were, and are, victims of Defendants' policies and/or practices complained, lost money and/or property, and has been deprived of the rights guaranteed to her by the FLSA, California Labor Code §§ 201-204, 210, 216, 226, 226.3, 226.7, 510, 516, 558, 1174, 1194, 1197, 1198, 2698 *et seq.*, California Business and Professions Code § 17200 *et seq.* (Unfair Competition), and California Industrial Welfare Commission Wage Order 5-2001 (hereafter "Wage Order 5-2001"), which sets employment standards for the public housekeeping industry.

5.    Plaintiffs are informed and believe, and based thereon allege, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating restaurants in Orange

Third Amended Class, Collective and Representative Action Complaint

County, California and the United States, and employed Plaintiffs and other, similarly-situated hourly non-exempt employees within Orange County and, therefore, were (and are) doing business in Orange County and the State of California.

6.      Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendant Hillstone Restaurant Group, Inc., was licensed to do business in California and the County of Orange, and was the employer of Plaintiffs and the Classes (as defined in Paragraph 15) because they (1) exercised control over the wages, hours, or working conditions of Plaintiffs and the Classes; (2) suffered or permitted Plaintiffs and the Classes to work; or (3) engaged Plaintiffs and the Classes to work, thereby creating a common law employment relationship.

7.      Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs will seek leave from this Court to amend this Complaint when such true names and capacities are discovered.  Plaintiffs are informed and believe, and thereon allege, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiffs and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

8.      At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.  Defendants, and each of them, approved of, condoned,

4

and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9.     At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and integrated/common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and integrated/common enterprise.  Further, Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all Class Members.

## GENERAL FACTUAL ALLEGATIONS

10.     Plaintiffs were employed by Defendants as non-exempt Service employees (e.g., Servers, Shift Leads) during the four years preceding the filing of the original Complaint.

11.     During Plaintiffs' respective employments with Defendants, they received various forms of non-discretionary incentive pay, such as free meals, bonuses for training new servers, 18% automatic service charges for serving large parties, and/or other forms of pay which are not excludable under California Law and the FLSA when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

12.     The various forms of Incentive Pay provided to Plaintiffs were pursuant to Hillstone's uniform policies and practices.  Despite Defendants' payment of Incentive Pay to Plaintiffs, Defendants failed to include all forms of Incentive Pay when calculating Plaintiffs' respective regular rates of pay, thereby causing Plaintiffs to be underpaid all of their required overtime wages.   Rather, Plaintiffs were only paid one and a half times their base rates of pay, which were not equal to the respective regular rates, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

a.  By way of non-exhaustive example, Plaintiff Bradescu:

Third Amended Class, Collective and Representative Action Complaint

i.  Worked overtime and received 18% service charges for serving large parties in the same workday and/or workweek, which resulted in her being underpaid all overtime wages, as follows: for the workweek of 12/7/11 to 12/13/11, Plaintiff Bradescu received $226.17 in service charges, and as a result of the total hours worked by her, was approximately underpaid $10.06 in overtime wages; for the workweek of 12/28/11 to 1/3/12, Plaintiff Bradescu received $68.85 in service charges, and as a result of the total hours worked by her, was approximately underpaid $2.89 in overtime wages; for the workweek of 1/18/12 to 1/24/12 Plaintiff Bradescu received $221.40 in service charges, and as a result of the total hours worked by her, was approximately underpaid $15.99 in overtime wages.

ii.  Worked overtime and received bonuses for training new servers in the same workday and/or workweek, which resulted in her being underpaid all overtime wages as follows: for the workweek of 4/24/13 to 4/30/13, Plaintiff Bradescu was paid $80 in training bonuses, and as a result of the total hours worked by her, was approximately underpaid $2.34 in overtime wages; for the workweek of 3/2/12 to 3/13/12, Plaintiff Bradescu was paid $120 in training bonuses, and as a result of the total hours worked by her, was approximately underpaid $4.52 in overtime wages.

iii.  Worked overtime and received free meals in the same workday and/or workweeks, which resulted in her being underpaid all overtime wages, as follows: for the workweek

6

Third Amended Class, Collective and Representative Action Complaint

of 1/2/11 to 1/8/11, Plaintiff Bradescu received $17.50 in free meals, and as a result of the total hours worked by her, was underpaid approximately $0.22 in overtime wages;  for the workweek of 4/20/11 to 4/26/11, Plaintiff Bradescu received $10.50 in free meals, and as a result of the total hours worked by her, was underpaid approximately $0.17 in overtime wages.

b.  By way of non-exhaustive example, Plaintiff Luminelli:

   i.  Worked overtime and 18% received service charges for serving large parties in the same workday and/or workweek, which resulted in him being underpaid all overtime wages, as follows: for the workweek of 5/16/12 to 5/22/12, Plaintiff Luminelli received $49.59 in service charges, and as a result of the total hours worked by him, was approximately underpaid $2.38 in overtime wages; for the workweek of 3/21/12 to 3/27/12, Plaintiff Luminelli received $52.02 in service charges, and as a result of the total hours worked by her, was approximately underpaid $2.49 in overtime wages; for the workweek of 12/28/11 to 1/03/12 Plaintiff Luminelli received $53.46 in service charges, and as a result of the total hours worked by her, was approximately underpaid $3.10 in overtime wages.

   ii.  Worked overtime and received free meals in the same workday and/or workweeks, which resulted in him being underpaid all overtime wages, as follows: for the workweek of 1/4/12 to 1/10/12, Plaintiff Luminelli received $32.50 in free meals, and as a result of the total hours worked by him, was underpaid approximately $2.08 in overtime wages; for

Third Amended Class, Collective and Representative Action Complaint

the workweek of 3/7/12 to 3/13/12, Plaintiff Luminelli received $44.00 in free meals, and as a result of the total hours worked by him, was underpaid approximately $3.49 in overtime wages; for the workweek of 4/4/12 to 4/10/12, Plaintiff Luminelli received $41.50 in free meals, and as a result of the total hours worked by him, was underpaid approximately $1.42 in overtime wages.

c.  By way of non-exhaustive example, Plaintiff Tamayo:

    i.  Worked overtime and received 18% service charges for serving large parties in the same workday and/or workweek, which resulted in her being underpaid all overtime wages, as follows: for the workweek of 7/11/12 to 7/17/12, Plaintiff Tamayo received $64.17 in service charges, and as a result of the total hours worked by her, was approximately underpaid $1.85 in overtime wages; for the workweek of 7/4/12 to 7/10/12, Plaintiff Tamayo received $41.64 in service charges, and as a result of the total hours worked by her, was approximately underpaid $1.39 in overtime wages; for the workweek of 12/28/11 to 1/03/12 Plaintiff Tamayo received $53.67 in service charges, and as a result of the total hours worked by her, was approximately underpaid $1.39 in overtime wages.

    ii.  Worked overtime and received bonuses for training new servers in the same workday and/or workweek, which resulted in her being underpaid all overtime wages as follows: for the workweek of 12/28/11 to 1/3/12, Plaintiff Tamayo was paid $40 in training bonuses, and as a result of the total hours worked by her, was approximately underpaid

8

Third Amended Class, Collective and Representative Action Complaint

$1.04 in overtime wages; for the workweek of 7/4/12 to 7/10/12, Plaintiff Tamayo was paid $80 in training bonuses, and as a result of the total hours worked by her, was approximately underpaid $2.66 in overtime wages; for the workweek of 7/11/12 to 7/17/12, Plaintiff Tamayo was paid $40 in training bonuses, and as a result of the total hours worked by her, was approximately underpaid $1.15 in overtime wages.

iii. Worked overtime and received free meals in the same workday and/or workweeks, which resulted in her being underpaid all overtime wages, as follows: for the workweeks of 10/27/10 to 11/09/10, Plaintiff Tamayo received $15.00 in free meals, and as a result of the total hours worked by her, was underpaid approximately $0.37 in overtime wages.

13. In addition, when Plaintiffs worked as Servers, they were paid a different rate of pay than when they worked as a Shift Lead (or "Hourly Manager"). Notwithstanding that Plaintiffs were paid different rates for their Server and Shift Lead duties, Defendants did not provide Plaintiffs with wage statements that identified how many hours were worked in each of these respective positions, nor did the wage statements reflect these different rates of pay. Rather, Plaintiffs' wage statements grouped these hours together as "regular" hours and blended the rate of pay, such that Plaintiffs have been unable to determine if they have been correctly paid all wages.

a. By way of non-exhaustive example, Plaintiff Bradescu received wage statements with blended rates of pay on the wage statements that included the following pay dates: 12/5/2012 and 12/16/2012.

b. By way of non-exhaustive example, Plaintiff Tamayo received

wage statements with blended rates of pay on the wage statements that included the following pay dates: 9/1/2012, 10/27/2012, 11/17/2012 and 1/3/2013.

14.     As a result of Defendants' failure to pay overtime pay at the correct rate and failure to separate the hours worked and rates of pay for Plaintiffs when they worked as a Shift Lead and Supervisor, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiffs.

## <u>CLASS AND COLLECTIVE ACTION ALLEGATIONS</u>

15.     Class Definition: Plaintiffs brings this action on behalf of themselves and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure and the FLSA:

a.     **Class 1 (FLSA Overtime Class)**: All current and former non-exempt employees nationwide who have worked over 40 hours in a workweek and who have during the same workweek: (A) received at least one automatic 18% charge on a check as a result of a party ordering five or more entrees (or having five or more guests); and/or (B) received at least one bonus for training a new Server; and/or (C) received at least one free meal, during the time period August 22, 2010 to the present;

b.     **Class 2 (California Overtime Class)**: All current and former non-exempt employees in California who have worked over 8 hours in a workday and/or 40 hours in a workweek and who have during the same workday/workweek: (A) received at least one automatic 18% charge on a check as a result of a party ordering five or more entrees (or having five or more guests); and/or (B) received at least one bonus for training a new Server; and/or (C) received at least one free meal, during the time period August 22, 2010 to the present;

c.     **Class 3 (Wage Statement Class)**: All current and former non-exempt employees in California who were  are members of the California Overtime Class, during the time period August 22, 2012, to the present:

d.     **Class 4 (Waiting Time Penalty Class)**: Includes members of the California Overtime Class and who have separated their employment with Hillstone during the time period August 22, 2010 to the present.

16.     Plaintiffs are further informed and believe that Defendants and members of the California Overtime Classes failed to enter into an agreement or understanding for a work period of fourteen (14) consecutive days in lieu of a workweek of seven (7) consecutive days for purposes of overtime computation pursuant to IWC Wage Order No. 5-2001, § 3(D).

17.     **Numerosity/Ascertainability:**  The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiffs, at this time; however, it is estimated that the Classes number greater than one-thousand (1,000) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

18.     **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiffs and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.     Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§510 and1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii.     Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California and FLSA Overtime Classes;

iii.     Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Class violated California law and/or the FLSA;

iv.     Whether Defendants furnished legally compliant wage statements to

members of the Wage Statement Class pursuant to Labor Code 226.

v.     Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful;

vii.    Whether Defendants and members of the California Overtime Class entered into an agreement or understanding for a work period of fourteen (14) consecutive days in lieu of a workweek of seven (7) consecutive days for purposes of overtime computation, as required by IWC Wage Order No. 5-2001, § 3(D).

19.    **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of calculating overtime payments for the members of the California and FLSA Overtime Classes.  As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

20.    **Typicality:**  The claims of Plaintiffs are typical of the claims of the Classes because Plaintiffs were employed by Defendants as a non-exempt employee in California and the United States during the statutes of limitation applicable to each cause of action pled in the Complaint in this action.  As alleged herein, Plaintiffs, like the members of the Classes, were deprived of all overtime wages, were furnished with inaccurate and incomplete wage statements, and were not paid all wages owed at the time of their termination.

21.    **Adequacy of Representation:**  Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes.  Moreover, Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiffs.  Plaintiffs'

attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

22.   **Superiority:**  The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.  Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States.  These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiffs and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein.  If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment.  Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class

members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

23.     As such, the Classes identified in Paragraph 15 are maintainable under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act.

## FIRST CLAIM

### FAILURE TO PAY OVERTIME WAGES
### (AGAINST ALL DEFENDANTS)

24.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 23 as though fully set forth herein.

25.     This cause of action is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

26.     Plaintiffs and members of the California Overtime Class worked overtime hours and were paid various forms of Incentive Pay, which are not statutory exclusions when calculating an employee's regular rate.  At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiffs and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and IWC Wage Order No. 5-2001.  Wage Order 5-2001, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek.  Wage Order 5-2001, § 3 also requires an employer to pay an

employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

27.     Plaintiffs are informed and believe, and based thereon allege that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiffs and members of the California Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay.  Rather, Plaintiffs and members of the California Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.  Accordingly, Plaintiffs and members of the California Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

28.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rates for said work violates California Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198, and IWC Wage Order 5-2001.

29.     Plaintiffs are informed and believe and thereon allege that the job duties and responsibilities of the California Overtime Class are irrelevant because Plaintiffs and all others similarly situated merely allege wrongdoing with Defendants' pay policies and practices as to calculating the applicable overtime rates of pay for overtime worked by members of the California Overtime Class.

30.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiffs and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 510, 558, 1194,

Third Amended Class, Collective and Representative Action Complaint

1198, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

## SECOND CLAIM

### FLSA VIOLATIONS

### (AGAINST ALL DEFENDANTS)

31.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30 as though fully set forth herein.

32.     This cause of action is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

33.     Plaintiffs and members of the FLSA Overtime Class worked in excess of 40 hours per workweek, and earned overtime compensation, and received various forms of Incentive Pay, which are not exclusions when calculating the regular rate of pay.

34.     Plaintiffs are informed and believe, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiffs and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiffs and members of the FLSA Overtime Class were only paid one and a half times their respective base rates, which was not equal to the regular rates, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.  Accordingly, Plaintiffs and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

35.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

36.     Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

37.     Defendants' policy and practice of failing to include all forms of Incentive Pay in the overtime rate calculations for Plaintiffs and members of the FLSA Overtime Class creates an entitlement to recovery by Plaintiffs and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

## THIRD CLAIM
## WAGE STATEMENT VIOLATIONS
## (AGAINST ALL DEFENDANTS)

38.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 as though fully set forth herein.

39.     Plaintiffs are informed and believe, and based thereon allege that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish them and members of the Wage Statement Class with accurate and complete wage statements regarding their regular rates of pay, rates of overtime pay, total gross wages earned, and total net wages earned, in violation of Labor Code § 226.

40.     Defendants' failure to furnish Plaintiffs and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime wages and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

41.     Defendants' failures creates an entitlement to recovery by Plaintiffs and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California

Labor Code §§ 226 and 226.3.

## FOURTH CLAIM

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

42.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 41 as though fully set forth herein.

43.   This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

44.   Defendants failed to timely pay Plaintiffs all of their final overtime wages owing at the time of termination.  Further, Plaintiffs are informed and believe, and based thereon allege, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

45.   Defendants' wilful failure to timely pay Plaintiffs and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

///

///

## FIFTH CLAIM
### UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

46.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 as though fully set forth herein.

47.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by: (a) failing to pay Plaintiffs and members of the California Overtime Class all overtime wages owed due to miscalculation of the regular rate; (b) knowingly failing to furnish Plaintiffs and members of the Wage Statement Class with accurate and complete wage statements in violation of Labor Code § 226; and (c) willfully failing to timely pay Plaintiffs and members of the Waiting Time Class all final wages upon termination of employment.

48.    Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiffs and continues to deprive members of the classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

49.    Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs for themselves and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

50.    The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

51.    Plaintiffs were compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution,

to secure injunctive relief on behalf of Defendants' current hourly non-exempt employees, and to enforce important rights affecting the public interest.  Plaintiffs thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

**SIXTH CLAIM**

**PRIVATE ATTORNEYS GENERAL ACT**

**(AGAINST ALL DEFENDANTS)**

52.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 51 as though fully set forth herein.

53.    Defendants have committed several Labor Code violations against Plaintiffs, members of the Classes, and other similarly aggrieved employees.

54.    Plaintiffs, an "aggrieved employees" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of themselves and other similarly aggrieved employees, bring this representative action against Defendants to recover the civil penalties due to Plaintiffs, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

(a)    Failing to pay Plaintiffs, the Overtime Class, and other similarly aggrieved employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 1194, and 1198 *et seq.*;

(b)    Failing to furnish Plaintiffs, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226;

(c)    Failing to timely pay all final wages and compensation earned by Plaintiffs, the Waiting Time Class, and other similarly aggrieved employees at the time of termination in violation of Labor Code §§ 201 – 203;

20

Third Amended Class, Collective and Representative Action Complaint

(d)     Failing to maintain accurate records on behalf of Plaintiffs and similarly aggrieved employees in violation of Labor Code § 1174;

55.     On or about August 21, 2013, Plaintiff Bradescu notified Defendants and the California Labor and Workforce Development Agency ("LWDA") via certified mail of Defendants' violations of the California Labor Code and Plaintiff Bradescu's intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.* with respect to the violations of the California Labor Code identified in Paragraph 54 (a)-(d).[1]  Thirty-three days have passed from Plaintiff Bradescu notifying Defendants of the aforementioned violations, thereby exhausting her administrative requirements for bringing a claim under the Private Attorneys General Act.

56.     On or about November 24, 2014, Plaintiffs Tamayo and Luminelli notified Defendants and the California Labor and Workforce Development Agency ("LWDA") via certified mail of Defendants' violations of the California Labor Code and their intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.* with respect to the violations of the California Labor Code identified in Paragraph 54 (a)-(d).  Thirty-three days have passed from Plaintiffs Tamayo and Luminelli notifying Defendants of the aforementioned violations, thereby exhausting their administrative requirements for bringing a claim under the Private Attorneys General Act.

---

[1] With respect to Plaintiff Bradescu's exhaustion of her PAGA claims, Plaintiffs accept the Court's limitation of her exhaustion of PAGA claims to exclude the allegations of training bonuses and 18% automatic service charges. *See* Dkt. No. 119.  However, Plaintiffs contend that this limitation applies to only Plaintiff Bradescu's exhaustion of PAGA's administrative remedies, and is inapplicable to any of the other named Plaintiffs.  With respect to the named Plaintiffs Luminelli and Tamayo, they claim that the applicable statute of limitations for the PAGA claims they have alleged is December 27, 2013 to the present.

Third Amended Class, Collective and Representative Action Complaint

57.     Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests, that of the members of the classes, and other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants.  Plaintiffs have thereby incurred attorneys' fees and costs, which they are entitled to recover under California Labor Code § 2699.

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiffs as representative of the Classes;

3. For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

4. Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5. Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

6. Upon the Third Claim, for statutory penalties pursuant to Labor Code § 226;

7. Upon the Fourth Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

8. Upon the Fifth Claim, for injunctive relief and restitution to Plaintiffs and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

9. Upon the Sixth Claim, for civil penalties due to Plaintiffs, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for each initial violation and $100 for each subsequent violation of Labor Code § 558 per employee per pay period plus an amount sufficient to recover the unpaid wages and; (2) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code § 2699.5;

10. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

11. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, 2698 *et seq.*, 2802, and Code of Civil Procedure § 1021.5.

12. For such other and further relief the Court may deem just and proper.

Dated:  May 4, 2015

Respectfully submitted,
BOREN, OSHER & LUFTMAN LLP


By:  __/s/ Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiffs, the Classes and
Aggrieved Employees

23

Third Amended Class, Collective and Representative Action Complaint

1

## DEMAND FOR JURY TRIAL

2        Plaintiffs hereby demand a jury trial with respect to all issues triable by

3   jury.

4

5   Dated:  May 4, 2015              BOREN, OSHER & LUFTMAN LLP

6

7                                  By:    __/s/ Paul K. Haines_____
                                          Paul K. Haines
8                                         Attorneys for Plaintiffs, the Classes and
                                          Aggrieved Employee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Third Amended Class, Collective and Representative Action Complaint