1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   GREG S. LABATE, Cal. Bar No. 149918
3  glabate@sheppardmullin.com
   MATTHEW M. SONNE, Cal. Bar No. 239110
4  msonne@sheppardmullin.com
   LISA M. HARRIS, Cal. Bar No. 264460
5  lmharris@sheppardmullin.com
   650 Town Center Drive, 4th Floor
6  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
7  Facsimile:   714.513.5130

8  Attorneys for Defendant HILLSTONE
   RESTAURANT GROUP, INC.
9
   BOREN, OSHER & LUFTMAN LLP
10 Stephen Z. Boren Cal. Bar No. 192024
   Email: sboren@bollaw.com
11 Paul K. Haines Cal. Bar No. 248226
   Email: phaines@bollaw.com
12 222 N. Sepulveda Blvd., Suite 2222
   El Segundo, California 90245
13 Tel: (310) 322-2220
   Fax: (310) 322-2228
14
   BURROWS LAW FIRM
15 Christopher L. Burrows Cal. Bar No. 222301
   Email: cburrows@cburrowslaw.com
16 6080 Center Drive, Suite 600
   Los Angeles, CA 90045
17 Tel: (310) 242-5238
   Fax: (310) 242-5201
18
   Attorneys for Plaintiffs
19
                  UNITED STATES DISTRICT COURT
20      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

21 MAIA BRADESCU, STEVEN          Case No. SACV 13-1289 GW(RZx)
   LUMINELLI, and VANESSA
22 TAMAYO, on behalf of themselves and   Assigned to: Hon. George H. Wu
   all others similarly situated,
23                                 Complaint Filed: August 22, 2013
              Plaintiffs,          FAC Filed:  December 12, 2014
24                                 SAC Filed:  March 9, 2015
              vs.                  TAC Filed:  May 4, 2015
25                                 Trial Date:  None
   HILLSTONE RESTAURANT
26 GROUP, INC., a Delaware         **SETTLEMENT AGREEMENT**
   Corporation; and DOES 1 through 10,
27
              Defendants.
28

-1 of 43-

This Settlement Agreement (the "Agreement") is made by and between Plaintiffs Maia Bradescu, Steven Luminelli, and Vanessa Tamayo, on behalf of themselves and each of the other Class Members as defined herein, on the one hand, and Defendant Hillstone Restaurant Group, Inc., on the other hand, and is intended to resolve the putative class, collective and representative action entitled <u>Maia Bradescu, et al. v. Hillstone Restaurant Group, Inc., et al.</u>, United States District Court, Central District of California, Case No. SACV 13-1289 GW(RZx)  (the "Action").

1.    <u>DEFINITIONS</u>

1.1    The term "Settlement" means the settlement described in this Agreement.

1.2    The term "Claims Administrator" means ILYM Group, Inc., the firm that shall be responsible for the administration of the Settlement pursuant to the terms of this Agreement.

1.3    The term "Court" as used herein means the United States District Court for the Central District of California.

1.4    The terms "Plaintiffs" and/or "Class Representatives" mean Plaintiffs Maia Bradescu, Steven Luminelli, and Vanessa Tamayo.

1.5    The term "Bradescu" means Plaintiff Maia Bradescu.

1.6    The term "Luminelli" means Plaintiff Steven Luminelli.

1.7    The term "Tamayo" means Plaintiff Vanessa Tamayo.

1.8    The term "Defendant" means Defendant Hillstone Restaurant Group, Inc., and its former and present parents, subsidiaries and affiliated corporations, and its officers, directors, attorneys, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives.

1.9    The term "Parties" means Plaintiffs and Defendant.

1.10   The term "Maximum Settlement Amount" means an amount not to exceed $700,000.00, including (1) the Net Settlement Proceeds as defined below; (2) attorneys' fees of 33.33% of the Maximum Settlement Amount ("Attorneys' Fees"); (3) litigation costs and expenses not to exceed $40,000.00 ("Litigation Costs"); (4) a class representative enhancement payment not to exceed $5,000.00 for Bradescu, $2,000.00 for Luminelli, and $2,000.00 Tamayo (collectively "Class Representative Fees"); (5) all settlement administration fees and costs, including those of the Claims Administrator not to exceed $25,000.00 ("Claims Administration Fees"); (6) all payroll taxes and all other applicable taxes, excluding the employer's portion of the payroll taxes ("Payroll Taxes"); and (7) payment for any and all penalties under the California Private Attorneys General Act of 2004 ("PAGA") in the amount of $2,500.00 ("PAGA Payment"), to be paid to the California Labor Workforce Development Agency ("LWDA").  The Maximum Settlement Amount has been agreed to by the Parties based on the aggregation of the agreed-upon settlement value of individual claims.  It is expressly understood that if fewer than all Class Members submit claims, the total amount paid will be less than the Maximum Settlement Amount.

1.11   The term "Net Settlement Proceeds" means the Maximum Settlement Amount, minus Attorneys' Fees, Litigation Costs, Class Representative Fees, Claims Administration Fees, Payroll Taxes, and PAGA Payment.

1.12   The term "Settlement Proceeds" means the proceeds that will be distributed from the Net Settlement Proceeds in accordance with the terms and provisions of this Agreement.

1.13   The term "Class Counsel" means Paul K. Haines and Fletcher W. Schmidt of Boren, Osher & Luftman, LLP and Christopher L. Burrows of Burrows Law Firm.

1.14   The term "Preliminary Approval Order" means the order of the Court that grants preliminary approval of the Settlement.

1.15   The term "Final Approval Order" means the order of the Court that grants final approval of the Settlement.

1.16   The term "Effective Date" means the last date to occur of the following dates: (a) if there are no objections to the settlement, then the date of final approval by the Court; (b) if there are objections to the settlement, and if an appeal, review or writ is not sought from the order granting final approval of the settlement, the 61st day after service of notice of entry of the order; or (c) if an appeal, review or writ is sought from the order, the day after the order is affirmed or the appeal, review or writ is dismissed or denied, and the order is no longer subject to further judicial review.  Prior to the Effective Date of the Settlement, Defendant will not be required to fund the Settlement, in whole or in part, through the Claims Administrator or any third party.

1.17    The term "Final Judgment" means the final judgment entered by the Court disposing of this Action.

1.18    The term "Covered Positions" means any non-culinary position, including, but not limited to, Bartender, Service Bar, Bar Back, Service Bartender, Night Service Bar, Server, Greeter, Service Assistant, Night Checkout, Cocktail, Restaurant Other, Rover, Flying Chicken, Cart Driver, Cleaning R & M, Hourly Manager, and/or Dining Room Key Employee.

1.19    The term "Class Member" or "Class Members" means any and all individuals who were employed in any Covered Position, whether as members of the FLSA Class and/or California Class, during any portion of the Settlement Class Period(s), as those terms are defined below.

1.20    The term "FLSA Class Member" means all current and former non-exempt employees of Defendant employed throughout the United States (excluding California) who worked in any Covered Positions during any portion of the Settlement Class Period (as defined below).

1.21    The term "California Class Member" means all current and former non-exempt employees of Defendant who performed work in California in any Covered Positions during any portion of the Settlement Class Period (as defined below).

1.22    The term "Settlement Class Period" means: (a) for the FLSA Class the time from August 22, 2010 through the date upon which the Court executes the Preliminary Approval Order; and (b) for the California Class the time from April 5, 2011 through the date upon which the Court executes the Preliminary Approval Order.

1.23   The term "Participating Class Member" means: (a) a currently-employed California Class Member who has not requested exclusion from the Settlement and, in the case of a former employee, who has returned a valid and timely Claim Form, as defined below, pursuant to Section 9 below of this Agreement; and (b) a FLSA Class Member who has opted-in to the Action by returning a valid and timely Claim Form, as defined below, pursuant to Section 9 below of this Agreement.

1.24   The term "Individual Settlement Payment" means the amount to be paid to a Participating Class Member pursuant to Section 10.3 below of this Agreement.

1.25   The term "Claim Form" means the claim form described in Sections 8 and 9 below of this Agreement.

1.26   The term "Mediator" means Mediator Jeffrey Krivis.

1.27   The term "MOU" means the Memorandum of Agreement executed by Class Counsel and Defendant's counsel on July 13, 2015.

2.     BACKGROUND

2.1    Bradescu filed the Action on August 22, 2013, on behalf of herself and all others similarly situated.  The complaint in the Action (the "Complaint") alleged the following causes of action: (1) failure to pay overtime wages; (2) Fair Labor Standards Act violations; (3) rest period violations; (4) meal period violations; (5) wage statement violations; (6) waiting time penalties; (7) failure to reimburse employees for necessary business expenses; (8) unfair competition; and (9) civil

penalties under the Private Attorneys General Act.  Defendant answered the Complaint on November 5, 2013.

2.2     The Parties first mediated the case with the Mediator on April 10, 2014, but were unable to settle the Action.

2.3     Bradescu moved for certification of a Rule 23 class and conditional certification of a Fair Labor Standards Act collective action on August 8, 2014, and Defendant moved for partial summary judgment on August 21, 2014.  Bradescu's motion for class certification was denied without prejudice, and Defendant's motion for summary judgment was granted in part and denied in part.

2.4     On December 12, 2014, Plaintiffs filed a First Amended Complaint ("FAC") on behalf of themselves and all others similarly situated.  The FAC alleged the following causes of action: (1) failure to pay overtime wages; (2) Fair Labor Standards Act violations; (3) meal period violations; (4) wage statement violations; (5) waiting time penalties; (6) unfair competition; and (7) civil penalties under the Private Attorneys General Act.   Defendant filed a motion to dismiss, for more definite statement, and to strike on January 12, 2015.

2.5     On March 9, 2015, Plaintiffs filed a Second Amended Complaint ("SAC") on behalf of themselves and all others similarly situated, alleging the same causes of action alleged in the FAC.

2.6     On May 4, 2015, Plaintiffs filed a Third Amended Complaint ("TAC") deleting the third cause of action for meal period violations.

2.7     The Parties reinitiated settlement negotiations and mediation through the Mediator.  As a result of the continued negotiations, the Parties settled the Action and entered into an MOU to resolve the Action.  The MOU was executed by Plaintiffs and Defendant on July 13, 2015.

2.8     The Parties believe this Agreement constitutes a fair, adequate, and reasonable settlement of the Action and have arrived at this Agreement as a result of arms-length negotiations, taking into account all relevant factors, present and potential, and will so represent to the Court.  This Settlement was reached after extensive arms-length negotiations over time.  If the Court deems it necessary, the Parties agree that the Mediator may execute a declaration in support of the Settlement and the reasonableness of the Settlement, and the Court may, in its discretion, contact the Mediator to discuss the Settlement and determine whether the Settlement is fair and reasonable.

3.     <u>SCOPE, PURPOSE, AND BENEFITS OF THE SETTLEMENT</u>

3.1     This Agreement is intended to and does effectuate the full, final, and complete resolution of the Action.

3.2     As detailed below, this Agreement establishes a claims resolution procedure to resolve all claims alleged in the Action.

3.3     The Parties believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests.  In light of these realities, the Parties believe that this Settlement is the best way to resolve the disputes between them.

4.      JURISDICTION

4.1     The Court has jurisdiction over the Parties and the subject matter of this Action.  The Action includes claims that, while Defendant denies them in their entirety, would, if proven, authorize the Court to grant relief pursuant to the federal and California laws cited therein.  If the Settlement is approved, the Court will retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

5.      NO ADMISSION OF ANY LIABILITY

5.1     The Parties agree that this Agreement reflects their good faith compromise of the claims raised in the Action, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel.  This Agreement does not constitute, is not intended to constitute, and will not be deemed to constitute, an admission of liability by Defendant as to the merits, validity, or accuracy of any of the allegations or claims made against Defendant in the Action or the appropriateness of class or conditional certification.  Defendant denies each of Plaintiffs' allegations in their entirety, and alleges that Plaintiffs and all other Class Members were paid all wages owed, including minimum wages and overtime wages, were provided proper meal and rest periods, and received accurate itemized wage statements throughout their employment with Defendant.

5.2     Nothing in this Agreement, the MOU, nor any action taken or made in implementation thereof, nor any statements, discussions, or communications, nor

any materials prepared, exchanged, issued, or used during the course of the

negotiations leading to the Agreement, is intended by the Parties to, nor will any of

the foregoing constitute, be introduced, be used, or be admissible in any way in this

case or any other judicial, arbitral, administrative, investigative or other forum or

proceeding as evidence of any violation of any federal, state, or local law, statute,

ordinance, regulation, rule, or executive order, or any obligation or duty at law or in

equity.  Notwithstanding the foregoing, the Agreement may be used in any

proceeding in the Court that has as its purpose the interpretation, implementation, or

enforcement of the Agreement or any orders or judgments of the Court entered into

in connection therewith.

5.3     All Claim Forms submitted or other evidence produced or created by

the Parties in connection with the claims procedure do not constitute, are not

intended to constitute, and will not be deemed to constitute, an admission by

Defendant of any violation of any federal, state, or local law, statute, ordinance,

regulation, rule, or executive order, or any obligation or duty at law or in equity.

5.4     The Parties agree that Plaintiffs' motion for preliminary approval of the

Settlement seeking certification of a class and conditional certification of a

collective action is for purposes of the Settlement only.  If, for any reason, the

Settlement is not approved, the stipulation to certification will have no force or

effect.  The Parties agree that certification for purposes of the Settlement is in no

way an admission that class certification or conditional certification of a collective

action is proper under the standard applied to contested certification motions and

that this Agreement will not be admissible in this or any other proceeding as

evidence that (i) a class, collective or representative action should be certified as

Plaintiffs proposed, or (ii) Defendant is liable to Plaintiffs or the Class Members as

Plaintiffs alleged.  Further, neither this Agreement nor the Court's actions with

SETTLEMENT AGREEMENT

regard to this Agreement will be admissible in any court or other tribunal regarding the propriety of class certification or collective treatment for purposes other than the settlement of this Action. In the event that this Agreement is not approved by the Court or any appellate court, is terminated, or otherwise fails to be enforceable, Defendant will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Action, including, but not limited to, its defenses in opposition to certification.

6.    CLASS AND CONDITIONAL CERTIFICATION

    6.1    For the purposes of this Agreement only, the Parties agree to the certification of the settlement class, and each of its subclasses, and collective action to include all Class Members. As set forth above, Defendant expressly reserves its right to oppose class and conditional certification should the Court decide to not approve this Settlement.

7.    WAIVER, RELEASE, AND DISMISSAL

    7.1    Release and Waiver of Claims by the Class Members

        Other than those Class Members who file Exclusion Forms, all California Class Members and the FLSA Class Members who opt-in by filing a Claims Form, and their successors, assigns, and/or agents, shall fully and finally release and discharge Defendant and each of its parent companies and subsidiaries, and past or present affiliates, shareholders, members, representatives, agents, accountants, insurers, reinsurers, attorneys, auditors, consultants, and any past, present, or future officers, directors and employees, and each of their predecessors, successors, heirs, and assigns, and any individual or entity which could be jointly

liable with Defendant (collectively the "Released Parties"), from the "Released Claims."  For purposes of this Agreement, the "Released Claims" for the California Class Members include those reasonably related to claims in the Action, including but not limited to state and/or federal wage and hour claims for unpaid wages, unreimbursed business expenses, overtime, meal periods, rest periods, wage statement violations, interest, penalties, and attorneys' fees, waiting time penalties, withholding from wages and the related provisions of the Labor Code including but limited to Labor Code Sections 201-204, 210, 216, 218.6, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1198, 2698 *et seq*., derivative claims under California Business & Professions Code Sections 17200 *et seq*. and all claims under the Wage Order, Fair Labor Standards Act and the Private Attorneys General Act of 2004, as they relate to the Released Claims within the Settlement Class Period as defined above (sometimes referred to herein as "California Settled Claims"); and for the FLSA Class Members who opt-in include those reasonably related to claims in the Action, including but not limited to federal wage and hour claims for unpaid overtime, liquidated damages, interest, penalties, and attorneys' fees, recoverable under the Fair Labor Standards Act and state wage and hour claims predicated on the same facts and/or legal theories as the federal wage and hour claims (sometimes referred to herein as "FLSA Settled Claims") (the California Settled Claims and FLSA Settled Claims are referred to herein collectively as the "Released Claims"). A California Class Member will be deemed to have opted to release the FLSA Settled Claims, upon the affirmative step of endorsing and cashing his/her Individual Settlement Payment.

The California Class Members, other than those who file Exclusion Forms, and the FLSA Class Members who opt-in may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be

deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released the Released Claims only, whether known or unknown, suspected or unsuspected, contingent or mature, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, or for violation of any state or federal statute, rule, or regulation arising out of or relating to the facts and theories alleged in the Action, without regard to the subsequent discovery or existence of such different or additional facts.

The California Class Members, other than those who file Exclusion Forms, and the FLSA Class Members who opt-in agree to release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind, including participation to any extent in any class or collective action, to obtain a recovery against any of the Released Parties for the Released Claims.

7.2    <u>General Release and Waiver of Claims by Plaintiffs</u>

Plaintiffs make the following general release of all claims, known or unknown (the "General Release").  Plaintiffs, and their successors, assigns, and/or agents, shall fully and finally release and discharge Defendant and each of its parent companies and subsidiaries, and past or present affiliates, shareholders, members, representatives, agents (including, without limitation, any investment bankers, accountants, insurers, reinsurers, attorneys, auditors, consultants, and any past, present, or future officers, directors and employees), and each of its predecessors, successors, heirs, and assigns (collectively "Plaintiffs' Released Parties") from all claims, demands, rights, liabilities and causes of action of every nature and

description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of Plaintiffs' Released Parties committed or omitted prior to the execution hereof.

The General Release includes any unknown claims Plaintiffs do not know or suspect to exist in Plaintiffs' favor at the time of the General Release, which, if known by Plaintiffs, might have affected Plaintiffs' settlement with, and release of, Plaintiffs' Released Parties by Plaintiffs or might have affected Plaintiffs' decision not to object to this Settlement or the General Release.

With respect to the General Release, Plaintiffs stipulate and agree that, upon the Effective Date, Plaintiffs shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs may hereafter discover facts in addition to or different from those Plaintiffs now know or believe to be true with respect to the subject matter of the General Release, but Plaintiffs, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

### 7.3   PAGA

The Parties hereto, including the Class Members, stipulate and agree that the Individual Settlement Payments and PAGA Payment compensate the Class Members and the LWDA for all civil penalties that may be due to them under PAGA based upon the facts alleged in the Complaint, FAC, SAC and/or TAC.  As such, once the Claims Administrator has distributed the full payment of the Settlement as described in Section 10.9 below, Defendant cannot be liable henceforth for any penalties pursuant to PAGA in connection with this Action.  The Parties hereto, including the Class Members, further stipulate and agree that even if any Class Member is considered or determined to be an "aggrieved employee" for purposes of PAGA, said Class Member waives any potential right to any penalty prescribed by PAGA relating to the Released Claims, notwithstanding the LWDA's right, if any, to its portion of any related penalties.

7.4     Dismissal

In connection with seeking final approval of this Settlement, Plaintiffs dismiss with prejudice the Action, and all claims stated therein, and upon the Effective Date, the resulting Final Judgment will constitute a binding and final resolution of any and all claims by any Class Members as set forth above.

8.     NOTICE, OBJECTIONS, AND OPPORTUNITY TO OPT OUT

8.1     Preliminary Approval

The Parties agree to use their best efforts to schedule a hearing at which to seek preliminary approval of the Settlement so that the hearing occurs within 120 days of the date upon which the Parties executed the MOU.  If it is not possible to schedule a hearing regarding preliminary approval of the Settlement within 120 days of the date of the MOU, the Parties agree to schedule that hearing at the first available date thereafter.

Plaintiffs will move the Court for preliminary approval of the Settlement.  Defendant agrees not to contest such motion, so long as it conforms with the terms of this Agreement.

8.2     Notice

The Parties will submit a Notice of Pendency of Class and Collective Action Settlement ("Notice"), in the form attached hereto as Exhibit 1, to the Court for approval.  The Notice will include, nonexclusively, information regarding the nature of the Action; a summary of the substance of the Settlement; the scope of the

Released Claims and Released Parties; the class definitions; the claims procedure and time period for submission of a claim; the date for the final approval hearing; and the formula used for the Individual Settlement Payments.  The Notice will be mailed with a Claim Form and an Exclusion Form (collectively the "Notice Packet").

8.3    <u>Claim Form</u>

The Parties agree that the Claims Administrator shall have the authority to mail the Notice Packet; create and administer the Settlement Proceeds; process claims against the Settlement Proceeds; and disburse sums from the settlement Proceeds.  Any balance remaining in any account created by the Claims Administrator shall remain the property of Defendant.

The Parties propose a Claim Form in the form attached hereto as Exhibit 2.  Each Claim Form will include the time period during which the Class Member worked during the applicable Settlement Class Period and the Class Member's estimated Individual Settlement Payment.  If a Class Member disputes the Individual Settlement Payment or employment dates listed on a Claim Form, he or she may produce evidence to the Claims Administrator indicating the dates contended to have been worked in each Covered Position during the applicable Settlement Class Period.  Defendant's records will be presumed determinative, absent evidence to rebut Defendant's records, but the Claims Administrator will evaluate the evidence submitted by the Class Member and make the final decision as to which dates should be applied.

8.4     <u>Mailing of Notice Packet</u>

Within 20 calendar days of the Preliminary Approval Order, Defendant shall provide the Claims Administrator with the name, most recent known mailing address, last four digits of Social Security number, and the respective number of workweeks that each Class Member worked during the Settlement Class Period in a readable Microsoft Excel spreadsheet (collectively, the "Class List and Data"). **<u>THIS INFORMATION WILL NOT BE SHARED WITH AND/OR PROVIDED TO CLASS COUNSEL IN ANY WAY.</u>**

Prior to mailing, the Claims Administrator will perform one search based on the National Change of Address Database information to update and correct for any known or identifiable address changes.

Within 10 days after receipt of the Class List and Data, the Claims Administrator shall mail the Notice Packet to the Class Members via first-class regular U.S. Mail.  Class Members will have 60 days from the mailing of the Notice Packet to submit their claims.

If a new address is obtained by way of a returned Notice Packet within 30 days of the initial mailing, then the Claims Administrator shall forward the original Notice Packet to the updated address via first-class regular U.S. mail indicating on the original Notice Packet the date of such re-mailing within 5 days of receipt.

In the event the procedures in this Section are followed and the intended recipient of a Notice still does not receive the Notice, the intended recipient shall remain a Class Member and will be bound by all terms of the Settlement and

any Final Approval Order entered by the Court if the Settlement is approved by the Court, to the fullest extent permitted by law.  In the event the procedures in this Section are followed and a California Class Member does not ultimately return a Claim Form and/or the Claim Form is rejected by the Claims Administrator, the California Class Member shall remain a Class Member and will be bound by all terms of the Settlement and any Final Approval Order entered by the Court if the Settlement is approved by the Court.  It is understood by the Parties that Class Members' claims may be rejected by the Claims Administrator for reasons including (1) the failure of the Class Member to sign or completely fill out the Claim Form in its entirety, or (2) submission by the Class Member of the Claim Form after the deadline for submission has passed.

8.5     Objection Procedure

To assert a valid and timely objection to the Settlement, such objection must be postmarked on or before the 60th calendar day of the mailing of the Notice Packet and mailed to the Claims Administrator.  Unless the Court directs otherwise, the 60-day period applies notwithstanding any argument regarding non-receipt of the Notice Packet.  All objections must be in writing and must state with particularity the basis on which they are asserted.  Further, if any objector intends to appear at the final approval hearing, either in person or through counsel, he or she must include notice of that fact and state the purpose for his or her appearance in his or her objection.  The Parties will be permitted to respond in writing to such objections within the time period set by the Court.  Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection in writing or in person (whether by appeal or otherwise) to the Settlement.

8.6     <u>Opportunity to Request Exclusion from the Settlement</u>

        The Parties propose an Exclusion Form in the form attached hereto as Exhibit 3.  The Notice shall provide that California Class Members who wish to exclude themselves from the Settlement must submit a completed Exclusion Form on or before the 60th calendar day of the mailing of the original Notice Packet.  The completed Exclusion Form must be personally signed by the California Class Member who seeks to opt-out.  Each Class Member who does not submit an Exclusion Form in compliance with this paragraph shall be eligible to be a Participating Class Member.  The Exclusion Form request must be mailed to the Claims Administrator.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether an Exclusion Form has been timely submitted.  Any Class Member who requests exclusion from the Settlement will not be a Participating Class Member, will not be entitled to any Individual Settlement Payment, and will not be bound by this Agreement or have any right to object, appeal, or comment thereon.  California Class Members who fail to submit a valid and timely Exclusion Form on or before the date specified herein shall be bound by all terms of the Settlement Agreement, the Final Approval Order, and the Final Judgment, regardless of whether they have requested exclusion from the Settlement.  No later than 15 days before the final approval hearing, the Claims Administrator shall provide counsel for the Parties with a complete list of all Class Members who have timely requested exclusion from the Settlement.  The Claims Administrator shall also provide counsel for the Parties with the number of valid Claim Forms received from Class Members.  If a Class Member submits both a timely and valid Claim Form and an Exclusion Form, the Claims Administrator shall resolve the inconsistency by treating the conflicting submissions as a valid claim submission.

1    8.7    No Solicitation of Settlement Objections or Exclusions

2

3         The Parties agree to use their best efforts to carry out the terms of this

4    Agreement.  At no time shall any of the Parties or their counsel seek to solicit or

5    otherwise encourage Class Members to submit Claim Forms or Exclusion Forms,

6    submit written objections to the Settlement, or appeal from or seek review of the

7    Court's Final Approval Order or Final Judgment.

8

9    8.8    Defendant's Right to Withdraw from Settlement

10

11        If either (i) 10 % or more of the Class Members, or (ii) a number of

12   Class Members whose share of the Net Settlement Proceeds is 10% or more, elect

13   not to participate in the Settlement, or both (i) and (ii), Defendant shall have the

14   absolute right, in its sole discretion, and notwithstanding any other provisions of this

15   Agreement, to rescind, withdraw from, and cancel, this Agreement in its entirety by

16   demonstrating to Class Counsel and the Court that the aforementioned condition(s)

17   have been met, whereupon this Agreement will be null and void for all purposes,

18   and may not be used or introduced in further litigation.  Defendant must exercise

19   this right of rescission, in writing, to Class Counsel, within 15 calendar days after

20   the Claims Administrator notifies the Parties of the total number of opt-outs and the

21   total number of valid Claim Forms received from FLSA Class Members.  If this

22   option to rescind is exercised, then Defendant shall be solely responsible for all

23   costs of the claims administration accrued to that point.

24

25        Defendant also has the right to withdraw from the Settlement if:  (1) the

26   Court does not execute the Preliminary Approval Order, does not certify the

27   Settlement Class, and/or does not certify a class releasing the claims set forth in the

28   MOU and/or this Agreement, or otherwise makes an order inconsistent with any of

the terms of the MOU and/or this Agreement, and/or (2) Plaintiff and/or Class Counsel breaches the Agreement and/or the MOU.  In the event that Defendant exercises its right to withdraw, Defendant shall be solely responsible for all costs of the Claims Administrator accrued to that point.  Further, this Agreement may not be used or introduced in further litigation.

9.      CLAIMS PROCEDURE

        The claims procedure is governed exclusively by the terms and conditions set forth in this Agreement.  Each Class Member will be fully advised of the Settlement.  California Class Members who are currently employed at the time of Preliminary Approval, who do not submit an Exclusion Form, are not required to submit a Claim Form and will automatically be deemed a Participating Class Member.  Upon the cashing of their Individual Settlement Payment, California Class Members who are currently employed by Defendant will release all Released Claims.  All other Class Members who do not submit an Exclusion Form may submit a claim for an Individual Settlement Payment through the below claims process.  If such a Class Member submits a timely and valid Claim Form, then said Class Member will be a Participating Class Member.  The Claims Administrator will make Individual Settlement Payments to Participating Class Members only.

        9.1     Claim Forms

        Once the Court grants preliminary approval of the Settlement, and the Notice Packet has been mailed to the Class Members, FLSA Class Members and California Class Members, who are no longer employed by Defendant, who choose not to opt-out of the Settlement and who want to file a claim must follow the requirements set forth immediately below:

FLSA Class Members and California Class Members, who are no longer employed by Defendant, must mail a Claim Form to the Claims Administrator, postmarked no later than 60 days of the mailing of the Notice Packet. Claim Forms received after this date are presumptively untimely and invalid.

Unless a California Class Member, who is no longer employed by Defendant, submits a timely and valid request for exclusion, failure to return a valid Claim Form within the prescribed time period will disqualify him or her from seeking monetary relief and his or her claims for the Settlement Class Period will be extinguished.  An allegation by a California Class Member, who is no longer employed by Defendant, that he or she did not receive the Notice Packet shall not be cause for the Claims Administrator to accept a Claim Form that was postmarked more than 60 days of the date of mailing of the Notice Packet.

The Claim Form will ask for certain identifying information.  A Claim Form shall be deemed valid only if:  (1) the Class Member has provided on the Claim Form the Class Member's full name, current address, the Class Member's Tax ID number and/or the last four digits of the Class Member's Social Security number, and date of birth; (2) the Class Member has dated and signed the Claim Form; and (3) the name and the Class Member's Tax ID number and/or the last four digits of the Class Member's Social Security number provided by the Class Member on the Claim Form match Defendant's records as provided to the Claims Administrator.  The name and the Class Member's Tax ID number and/or the last four digits of the Class Member's Social Security number provided by the Class Member will be deemed to match Defendant's records only if:  (1) both the first name and the last name and the Class Member's Tax ID number and/or the last four digits of the Class Member's Social Security number provided by the Class Member match Defendant's records; (2) the first name and the Class Member's Tax ID

SETTLEMENT AGREEMENT

number and/or the last four digits of the Class Member's Social Security number provided by the Class Member match Defendant's records and it appears the last name has been changed as a result of a change in marital status; or (3) the Class Member's Tax ID number and/or the last four digits of the Class Member's Social Security number and last name matches Defendant's records and the first name provided is either a nickname or a shortened or lengthened version of the name that appears in Defendant's records.

Although California Class Members, who are no longer employed by Defendant, who do not submit a valid and timely Claim Form shall not receive an Individual Settlement Payment, such persons shall nonetheless be deemed Class Members and will be bound by all terms of this Agreement and any Final Judgment entered in the Action if the Settlement is finally approved by the Court.

9.2    Treatment of Contradictory Form Submissions

If a Class Member submits both a timely and valid Claim Form and an Exclusion Form, the Claims Administrator shall resolve the inconsistency by treating the conflicting submissions as a valid claim submission.

9.3    Certification of Claims

All Claim Forms and Exclusion Forms will be submitted to the Claims Administrator, who will certify jointly to Plaintiffs' Counsel and Defendant's counsel the forms that were timely submitted.

9.4     Individual Settlement Payments

Individual Settlement Payments shall be paid pursuant to the settlement formula set forth in Section 10.  Defendant's and the Claims Administrator's determination of eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Agreement, shall be conclusive, final, and binding on all Class Members including all Participating Class Members and Plaintiffs, subject to review by Class Counsel and the Court, if necessary.

Any checks paid to Participating Class Members shall advise that they will remain valid and negotiable for 90 days from the date of their issuance.  The funds for any settlement checks not cashed within 90 days of issuance shall become property of the State of California Unclaimed Property Unit.  Any Participating Class Member's failure to negotiate and/or cash any such check will not abrogate or affect that Participating Class Member's waivers or releases under this Agreement.  Upon completion of administration of the Settlement, the Claims Administrator shall provide written certification of such completion to the Court and counsel for all Parties.

10.    COMPUTATION AND DISTRIBUTION OF PAYMENTS

10.1   Maximum Settlement Amount

The maximum total amount that Defendant can be required to pay is $700,000.00, for any and all purposes, under this Agreement, except that Defendant is required to pay the employer's portion of the Payroll Taxes separately from this Maximum Settlement Amount.

10.2   Effect of Distribution

Participating Class Members will receive an amount determined by the Claims Administrator in accordance with this Agreement based on weeks worked during the Settlement Class Period.  The Parties agree that this payment is not viewed as additional compensation for purposes of calculating a "regular rate" of pay under California or federal law for the period during which it is received, and no additional overtime compensation is required as a result of such payment; further, any claim to entitlement to any additional overtime compensation is expressly waived under the terms of this Agreement.  No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, any Class Members, Class Counsel, or the Claims Administrator based upon distributions and payments made in accordance with this Agreement.

10.3   Distribution to the Participating Class Members

The Maximum Settlement Amount has been agreed to by Plaintiffs and Defendant, based on the aggregation of the agreed-upon settlement value of individual claims.  It is expressly understood that if fewer than all Class Members submit claims, the Settlement Amount will be less than the Maximum Settlement Amount.  After deducting Class Counsel's awarded Attorneys' Fees and Litigation Costs, the Class Representative Fees, the Claims Administration Fees, the Payroll Taxes, and the PAGA Payment, the balance of the Maximum Settlement Amount (the "Net Settlement Proceeds") will be distributed as follows:

Thirty-Five Percent (35.0%) of the Net Settlement Proceeds will be allocated to the FLSA Class.  Defendant will calculate the total number of workweeks that all FLSA Class Members were employed by Defendant during the

applicable Settlement Class Period(s) ("Total Workweeks").  The value of each workweek shall be determined by the Claims Administrator by dividing the Net Settlement Proceeds allocable to the FLSA Class by the Total Workweeks available to the FLSA Class Members during the Settlement Class Period ("Workweek Point Value").

To determine the "FLSA Individual Settlement Payment" for each participating FLSA Class Member, the Claims Administrator will multiply the individual's Total Workweeks by the Workweek Point Value.  The FLSA Individual Settlement Payment will be reduced by any required legal deductions for each Participating FLSA Class Member.

Sixty-Five Percent (65.0%) of the Net Settlement Proceeds will be allocated to the California Class.  Defendant will calculate the total number of workweeks that all California Class Members were employed by Defendant during the applicable Settlement Class Period(s) ("Total Workweeks").  The value of each workweek shall be determined by the Claims Administrator by dividing the Net Settlement Proceeds allocable to the California Class by the Total Workweeks available to the California Class Members during the Settlement Class Period ("Workweek Point Value").

To determine the "California Individual Settlement Payment" for each participating California Class Member, the Claims Administrator will multiply the individual's Total Workweeks by the Workweek Point Value.  The California Individual Settlement Payment will be reduced by any required legal deductions for each Participating California Class Member.

Notwithstanding any other provisions herein, the Parties agree that the

amount actually distributed to the participating Class Members shall equal at least 50% of the Net Settlement Proceeds as defined above.  If the total Individual Settlement Payments would equal less than 50% of the Net Settlement Proceeds, the Claims Administrator shall proportionately increase the Individual Settlement Payment for each participating Class Member to ensure that the total of all Individual Settlement Payments combined equals 50% of the Net Settlement Proceeds.  Any unclaimed amounts above 50% of the Net Settlement Proceeds shall be the exclusive property of Defendant.

The Parties recognize that the Individual Settlement Payments to be paid to the Participating Class Members are deemed to be a combination of wages and penalties.  All Individual Settlement Payments will be allocated as follows: 25% to settlement of wage claims and 75% for settlement of claims for interest, reimbursement of expenses, and statutory penalties.  The Parties agree that 25% of all payments to Participating Class Members will be treated as wages subject to W-2 reporting and, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal law.  All payroll taxes and other applicable taxes, excluding the employer's portion of the payroll taxes, shall be taken out of the Maximum Settlement Amount.

Participating Class Members will be issued an IRS Form 1099 for the portion of their Individual Settlement Payments attributable to the settlement of claims for interest, reimbursement of expenses, and statutory penalties, and will assume full responsibility and liability for the payment of taxes due on such awards. The parties make no representations about the tax consequences to the portion of the Individual Settlement Payments representing interest, reimbursement of expenses, and statutory penalties, and Class Members are encouraged to consult with their

own tax preparers and/or accountants to determine how these payments may affect their tax liability.

Any disputes, including those concerning the Individual Total Workweeks worked by a Class Member during the Settlement Class Period, concerning administration of the Settlement, except those disputes that concern the interpretation or enforceability of this Agreement, shall be resolved by the Claims Administrator. Prior to any such resolution, counsel for the Parties will confer in good faith to resolve the dispute.

10.4   <u>Class Representative Fees</u>

Plaintiffs will be entitled to apply to the Court for Class Representative Fees not to exceed the total amount of $5,000.00 for Bradescu, $2,000.00 for Luminelli, and $2,000.00 for Tamayo, to be paid out of the Maximum Settlement Amount. Defendant will not oppose such an application, so long as it is consistent with the provisions of this Agreement. Should Plaintiff and/or Class Counsel request a lesser amount for the Class Representative Fees and/or the Court approve a lesser amount, the difference between the lesser amount and $9,000.00 shall remain the property of Defendant and shall not be added to the Net Settlement Proceeds. Plaintiffs shall be required to execute a General Release of all known and unknown claims they may have against Defendant, as described herein. Defendant will issue to Plaintiffs an IRS Form 1099 reflecting the Class Representative Fees. Plaintiffs will be responsible for correctly characterizing this payment for tax purposes and for paying any taxes on the amounts received. Plaintiffs agree to indemnify and hold Defendant harmless for any tax liability on said payment, if any.

1    10.5    PAGA Payment

2

3        The Parties agree to allocate the amount of $2,500.00 from the

4  Maximum Settlement Amount as penalties authorized by PAGA.  This $2,500.00

5  PAGA Payment constitutes the 75% portion of the PAGA civil penalties which is

6  payable to the LWDA.

7

8    10.6    Payment to Class Counsel

9

10        Class Counsel shall be entitled to apply to the Court for Attorneys'

11  Fees payable to Class Counsel up to 33.3% of the Maximum Settlement Amount,

12  which is $233,100.00 plus Litigation Costs not to exceed $40,000.00.  The amounts

13  set forth above will cover all work performed and all fees and costs incurred to date,

14  and all work to be performed and all fees to be incurred in connection with the

15  approval by the Court of this Agreement, the administration of the Settlement, and

16  obtaining final approval and judgment of this case.  Defendant agrees not to oppose

17  such an application for Attorneys' Fees or Litigation Costs, so long as it is

18  consistent with the provisions of this Agreement.  Defendant shall issue an IRS

19  Form 1099 to Class Counsel reflecting the awarded Attorneys' Fees and Litigation

20  Costs.  Should Plaintiff and/or Class Counsel request a lesser amount for Attorneys'

21  Fees and/or the Court approve a lesser amount, the difference between the lesser

22  amount and $233,100.00 shall remain the property of Defendant and shall not be

23  added to the Net Settlement Proceeds.  Should Plaintiff and/or Class Counsel

24  request a lesser amount for its Litigation Costs and/or the Court approve a lesser

25  amount, the difference between the lesser amount and $40,000.00 shall remain the

26  property of Defendant and shall not be added to the Net Settlement Proceeds.  In

27  consideration of their awarded Attorneys' Fees and Litigation Costs, Class Counsel

28  waives all claims to any further attorneys' fees, costs, and expenses in connection

with the Action.  Class Counsel shall not be permitted to petition the Court for, or accept, any additional payments for attorneys' fees, costs, or expenses in connection with this Action.  Plaintiffs, Class Counsel, and Class Members shall assume full responsibility and liability for the payment of taxes due on such awards.

Defendant's payment of the Attorneys' Fees and Litigation Costs to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, costs, or expenses in the Action incurred by any attorney on behalf of the Plaintiffs and the Class Members, and shall relieve Defendant, the Claims Administrator, and Defendant's counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, costs, and expenses to which any of them may claim to be entitled on behalf of the Plaintiffs and/or the Class Members.

10.7   Claims Administrator

The Parties agree that the fees and expenses of the Claims Administrator in relation to services rendered in this Action in an amount approved by the Court, up to $25,000.00, shall be deducted from the Maximum Settlement Amount.  Any balance remaining in any account created by the Claims Administrator shall remain the property of Defendant and shall not be added to the New Settlement Proceeds.

The Claims Administrator shall calculate the Individual Settlement Payments to be paid to the Participating Class Members in accordance with the terms and provisions of this Agreement; distribute the Notice Packet; determine eligibility for payment to a Class Member; resolve any disputes regarding the calculation or application of the formula for determining the Individual Settlement

Payment; keep track of those Class Members requesting to be excluded from the Settlement and FLSA Class Members opting-in to the Settlement, and provide information regarding the requests for exclusion to the Parties' counsel; mail the Individual Settlement Payment checks to Participating Class Members; issue W-2 and 1099 forms; and perform such other tasks necessary to effectuate the terms of this Agreement or as the Parties mutually agree or the Court orders the Parties to perform.

The Claims Administrator shall regularly report to the Parties, in written form, the substance of the work performed, the basis for any denial of a claim, and the total amount of claims paid.

The Claims Administrator will submit to the Court, in conjunction with the motion for final approval, a declaration providing, among other things, the number of Notice Packets it mailed to the Class Members, the number re-mailed, the number of Notice Packets ultimately undeliverable, the number of Exclusion Forms received, the number of defective Exclusion Forms received, the number of Claim Forms received, the number of defective Claim Forms received, the number of disputed claims received and how they were resolved, the total amount claimed by Participating Class Members, the total of its charges for services rendered, and the anticipated future charges beyond the date of the Final Approval Order.

Any disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to the Court.

1       10.8   Operation of the Settlement Proceeds

2

3            Within 30 days after the Effective Date, Defendant shall provide the

4 Claims Administrator with sufficient funds to make all the payments required under

5 this Settlement.  Prior thereto, Defendant shall not have any obligation to segregate

6 the funds comprising the Settlement from its other assets and will retain exclusive

7 authority over, and responsibility for, those funds.  Any balance remaining in any

8 account created by the Claims Administrator following distribution of all the

9 payments required under this Settlement shall remain the property of Defendant and

10 shall be returned to Defendant after all payments required under this Settlement

11 have been made.  Prior to the Effective Date of the Settlement, Defendant will not

12 be required to fund this Settlement, in whole or in part, through the Claims

13 Administrator or any third party.

14

15       10.9   Time for Distribution

16

17            Within 30 days after receipt of the Net Settlement Proceeds from

18 Defendant, the Claims Administrator shall make the following payments:  (1)

19 Individual Settlement Payments to Participating Class Members; (2) the Class

20 Representative Fees to Plaintiffs (which shall be delivered to Class Counsel); (3)

21 Attorneys' Fees and Litigation Costs awarded to Class Counsel; (4) the PAGA

22 Payment to the LWDA; and (5) Claims Administration Fees to the Claims

23 Administrator.

24

25 11.   INTEREST

26

27     11.1  The Maximum Settlement Amount includes any and all interest

28 accruals and no additional interest shall be due under any circumstances.

12.    <u>TAXATION</u>

12.1    Plaintiffs and Participating Class Members represent and warrant that they understand that it is their sole obligation to pay appropriate federal, state, and local income taxes on any amounts they receive under this Agreement that lawfully qualify as taxable income.

12.2    Neither the Parties nor their respective counsel provide or purport to provide any tax advice to the Participating Class Members in connection with this Agreement or otherwise.  The Parties agree that they shall not rely upon any terms of this Agreement for the purpose of determining or avoiding federal, state, or local tax obligations.  The parties make no representations about the tax consequences to the portion of the Individual Settlement Payments representing interest, reimbursement of expenses, and statutory penalties, and Class Members are encouraged to consult with their own tax preparers and/or accountants to determine how these payments may affect their tax liability.

12.3    CIRCULAR 230 DISCLAIMER:  EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART

10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX ADVISERS FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

13.   COURT APPROVAL

13.1   Following the Preliminary Approval Order, if neither Defendant nor Plaintiffs exercise the right to cancel the Settlement solely as provided for herein, a motion for final approval of the Settlement will be filed by Class Counsel which, if not separately filed by Class Counsel, will include a request for the Attorneys' Fees and the Class Representative Fees, which Defendant will not oppose.  The Parties agree to take all steps as may be reasonably necessary to secure final approval of the Settlement as quickly as possible, to the extent not inconsistent with the terms of this Agreement, and will not take any action adverse to each other in obtaining

Court approval, and, if necessary, appellate approval, of the Agreement in all respects.

13.2   In the event the Court declines to enter the Final Approval Order, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Agreement shall be treated as void ab initio.  In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Agreement had not been executed, except that any fees already incurred by the Claims Administrator shall be paid by Defendant.

13.3   In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the date of the Final Approval Order, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

14.   <u>MISCELLANEOUS PROVISIONS</u>

14.1   <u>Headings</u>

The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

14.2   Stay of Action

Subject to the prior provisions of this Agreement, the parties agree to a stay of the case, including pending motions and discovery, and specifically the parties agree to seek a continuance of all pending motions in accordance with the stay, as necessary.

14.3   Interpretation of the Agreement

This Agreement will be interpreted and enforced under the laws of the State of California without regard to its conflict of laws provisions.  Any dispute arising out of or relating to this Agreement, or the subject matter hereof, will be resolved solely and exclusively in the United States District Court, Central District of California and the Parties hereby consent to the jurisdiction of this court over them solely in connection therewith.  If the United States District Court, Central District declines jurisdiction over such dispute, then the dispute must be resolved solely and exclusively in the Superior Court, County of Los Angeles, and the Parties hereby consent to the jurisdiction of this court over them solely in connection therewith.

14.4   Final Agreement

This Agreement constitutes the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Action, and supersedes all prior agreements and understandings between the Parties relating to the subject matter hereof, including, but not limited to, the Memorandum of Agreement.  Plaintiffs, on their own behalf and on behalf of the Class Members, and Defendant enter into this Agreement based solely upon its terms and not in

reliance upon any representations or promises other than those contained in this Agreement.  The Agreement may be modified only by a writing signed by the Parties, or their successors, and approved by the Court.

### 14.5    Counterparts/Facsimile

This Agreement may be executed in one or more actual or telecopied counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals. A signature by facsimile on this Agreement shall be as legally binding as an original signature.

### 14.6    Authority

Counsel for all Parties represent and warrant they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate actions required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the Settlement, the Parties shall seek the assistance of the Court to resolve such disagreement.  The persons signing this Agreement on behalf of Defendant represent and warrant that they are authorized to sign this Agreement on behalf of Defendant.

SMRH:443684252.7                                                                                    SETTLEMENT AGREEMENT

14.7   <u>No Effect on Employee Benefits</u>

The Individual Settlement Payments and Class Representative Fees paid to Plaintiffs and the Participating Class Members shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of Plaintiffs or any Participating Class Members.  The payment of the Individual Settlement Payments to Participating Class Members does not represent any modification of Participating Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendant.  Further, any Individual Settlement Payment or Class Representative Fees shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Defendant.

14.8   <u>No Injunctive Relief</u>

Defendant shall not be required to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive relief, or to modify or eliminate any of its personnel, compensation, or payroll practices, or adopt any new personnel, compensation, or payroll practices.

14.9   <u>Binding on Successors and Assigns</u>

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

SETTLEMENT AGREEMENT

14.10   <u>Cooperation and Drafting</u>

Each of the Parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

14.11   <u>Invalidity of Any Provision</u>

Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement as valid and enforceable.

14.12   <u>Plaintiffs' Waiver of Right to Be Excluded and Object</u>

By signing this Agreement, Plaintiffs are bound by the terms herein stated and further agree not to request to be excluded from the Settlement and agree not to object to any of the terms of this Agreement.  Any such request for exclusion or objection shall therefore be void and of no force or effect.  Accordingly, despite all of the Plaintiffs being former employees, none shall be required to submit a Claim Form, and all Plaintiffs will be treated as though they submitted a timely and valid Claim Form.  Plaintiffs also agree to not disparage the Settlement to Class Members or encourage, in any way, Class Members to submit or not to submit a Claim Form or an Exclusion Form.  In addition, neither Plaintiffs nor Class Counsel will initiate any contact with Class Members about the fact, amount or terms of the Settlement.

14.13  <u>No Unauthorized Public Comment</u>

       The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about the fact, amount or terms of the Settlement.  In addition, the Parties and their counsel agree that they will not engage in any advertising or distribute any marketing materials relating to the Settlement of this case, including but not limited to any postings on any websites maintained by Class Counsel.  The Claims Administrator shall not create nor maintain any website regarding this Settlement at any time, unless otherwise ordered by the Court.  Any communication about the Settlement to Class Members prior to the court-approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved notice.  Plaintiffs and Class Counsel are prohibited from discussing the terms or the fact of the settlement with third parties other than (1) their immediate family members; (2) their respective accountants or lawyers as necessary for tax purposes; or (3) other Class Members.  Class counsel is prohibited from identifying Defendant by name in any advertising or publicity; however, Class Counsel is permitted to state only that a matter was settled between a putative class and a fine dining establishment with locations throughout the United States.

14.14  <u>Waiver of Appeals</u>

       The Parties agree to waive appeals and to stipulate to class and collective certification for purposes of implementing this Settlement only.

SETTLEMENT AGREEMENT

<u>Inapplicability of California Code of Civil Procedure Section 384</u>

The Parties agree that California Code of Civil Procedure Section 384 is not applicable to the Maximum Settlement Amount.  The Parties represent that the Maximum Settlement Amount is a settlement amount that takes into account the probability that some Class Members for various reasons will not file claims.  The Parties recognize that this amount would have been less if all of it had to be paid, and that this Maximum Settlement Amount does not create a settlement fund.

14.15 <u>Defense</u>

To the extent permitted by law, this Settlement may be plead as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted with respect to the Released Claims in breach of or contrary to this Settlement.

14.16 <u>Final Judgment</u>

The Parties agree that, upon final approval of the Settlement, Final Judgment of the Action will be made and entered in its entirety.

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA and California Class Members, and Defendant, have executed this Agreement as of the dates set forth below

The Parties agree that California Code of Civil Procedure Section 384 is not applicable to the Maximum Settlement Amount. The Parties represent that the Maximum Settlement Amount is a settlement amount that takes into account the probability that some Class Members for various reasons will not file claims. The Parties recognize that this amount would have been less if all of it had to be paid, and that this Maximum Settlement Amount does not create a settlement fund.

14.16 Defense

To the extent permitted by law, this Settlement may be plead as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted with respect to the Released Claims in breach of or contrary to this Settlement.

14.17 Final Judgment

The Parties agree that, upon final approval of the Settlement, Final Judgment of the Action will be made and entered in its entirety.

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA and California Class Members, and Defendant, have executed this Agreement as of the dates set forth below

BY PLAINTIFFS AND THEIR COUNSEL:

Executed on ~~August ___, 2015~~ JAN 28, 2016

MAIA BRADESCU, Plaintiff

-43 of 43-

MAIA BRADESCU, Plaintiff

Executed on ~~August~~      Jan 31, 2016 ~~. 2015~~

STEVEN LUMINELLI, Plaintiff

Executed on August      . 2015

VANESSA TAMAYO, Plaintiff

Executed on ~~August~~      Feb 1, 2016 ~~. 2015~~

BOREN. OSHER & LUFTMAN LLP

PAUL K. HAINES

Attorneys for Plaintiffs
MAIA BRADESCU, STEVEN LUMINELLI,
& VANESSA TAMAYO

Executed on ~~August~~      Jan 31, 2016 ~~, 2015~~

BURROWS LAW FIRM

CHRISTOPHER L. BURROWS

Attorneys for Plaintiffs
MAIA BRADESCU, STEVEN LUMINELLI,
& VANESSA TAMAYO

BY DEFENDANT AND ITS COUNSEL:

Executed on August      . 2015

HILLSTONE RESTAURANT GROUP. INC.

-43 of 43-

1

2                        MAIA BRADESCU, Plaintiff

3

    Executed on August    . 2015

4

5

                       STEVEN LUMINELLI, Plaintiff

6
                 1-31-2016

7    Executed on ~~August~~    ~~. 2015~~

8

9

10                             VANESSA TAMAYO, Plaintiff

11    Executed on August    . 2015

12                   BOREN, OSHER & LUFTMAN LLP

13

14

15                              PAUL K. HAINES

16                       Attorneys for Plaintiffs
               MAIA BRADESCU, STEVEN LUMINELLI,

17                         & VANESSA TAMAYO

18    Executed on August __, 2015

                   BURROWS LAW FIRM

19

20

21                        CHRISTOPHER L. BURROWS

22                       Attorneys for Plaintiffs
               MAIA BRADESCU, STEVEN LUMINELLI,

23                         & VANESSA TAMAYO

24   BY DEFENDANT AND ITS COUNSEL:

25

26    Executed on August    . 2015

27                   HILLSTONE RESTAURANT GROUP. INC.

28

SMRH:443684252.7                                     SETTLEMENT AGREEMENT

BY DEFENDANT AND ITS COUNSEL:

Executed on February 1. 2016

HILLSTONE RESTAURANT GROUP. INC.

W. GLENN VIERS

Executed on February 1. 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

GREG S. LABATE
MATTHEW M. SONNE
LISA M. HARRIS

Attorneys for Defendant
HILLSTONE RESTAURANT GROUP. INC.

SMRH:443684252.7                                                    SETTLEMENT AGREEMENT

# Exhibit 1

## NOTICE OF CLASS, COLLECTIVE AND REPRESENTATIVE ACTION SETTLEMENT

### MAIA BRADESCU, ET AL. V. HILLSTONE RESTAURANT GROUP, INC.,
Case No. SACV 13-1289-GW(RZx)
(U.S. District Court for the Central District of California)

### PLEASE READ THIS NOTICE CAREFULLY
### IT MAY AFFECT YOUR LEGAL RIGHTS
#### YOU MAY BE ENTITLED TO COMPENSATION FROM THIS SETTLEMENT

**You are __NOT__ being sued.** However, your legal rights may be affected whether you act or not.

To:         All persons who are members of the California Class and/or FLSA Class as defined below (hereinafter collectively referred to as the "Class" or "Class Members").

Re:         Class action settlement relating to Defendant Hillstone Restaurant Group, Inc.'s (hereinafter "Hillstone") practices affecting Class Members.

**Deadline**:   **If you are a California Class Member and a current employee of Hillstone, you do not need to take any action to receive a payment under the Settlement. However, if you are a former employee of Hillstone and/or an FLSA Class Member, you must fill out the enclosed Claim Form by [insert opt-in deadline] to receive a payment under the terms of the Settlement.**

This Notice is meant to inform you of a settlement reached in a pending class action case, entitled, MAIA BRADESCU, ET AL. V. HILLSTONE RESTAURANT GROUP, INC., Case No. SACV 13-1289-GW(RZx) (U.S. District Court for the Central District of California) (which will be referred to as the "Action"). The Settlement of the Action described above covers claims asserted on behalf of all Class Members, as defined below, and will be referred to as the "Settlement." Hillstone's records reflect that you are a Class Member of one or more of the following subclasses.

SUBCLASS DEFINITIONS:

a.      "California Class Member" means all current and former non-exempt
employees of Hillstone who performed work in California in any Covered
Positions ("Covered Positions" means any non-culinary position, including, but not
limited to, Bartender, Service Bar, Bar Back, Service Bartender, Night Service Bar,
Server, Greeter, Service Assistant, Night Checkout, Cocktail, Restaurant Other,
Rover, Flying Chicken, Cart Driver, Cleaning R & M, Hourly Manager, and/or
Dining Room Key Employee), between April 5, 2011 through [insert preliminary
approval date]

b.      "FLSA Class Member" means all current and former non-exempt
employees of Hillstone employed throughout the United States (excluding
California) who worked in any Covered Positions ("Covered Positions" means any
non-culinary position, including, but not limited to, Bartender, Service Bar, Bar
Back, Service Bartender, Night Service Bar, Server, Greeter, Service Assistant,
Night Checkout, Cocktail, Restaurant Other, Rover, Flying Chicken, Cart Driver,
Cleaning R & M, Hourly Manager, and/or Dining Room Key Employee), between
August 22, 2010 through [insert preliminary approval date]

## I.      **INTRODUCTION**

In this Action, Plaintiffs Maia Bradescu, Steven Luminelli and Vanessa
Tamayo (collectively "Plaintiffs") have alleged through the various complaints
filed in this Action that Hillstone violated the California Labor Code and Fair
Labor Standards Act ("FLSA") by failing to pay all overtime wages owing to non-
exempt employees who received automatic service charges, free meals, and/or
training bonuses, and who also earned overtime wages during a corresponding time
period.  Plaintiffs also alleged that Hillstone failed to authorize and permit all rest
periods to its non-exempt employees in California. Plaintiffs also alleged that
Hillstone failed to provide all meal periods to its non-exempt employees in
California, or pay premium pay in lieu thereof.   Plaintiffs also alleged that
Hillstone failed to adequately reimburse its non-exempt employees in California
for all necessary business expenditures.  Plaintiffs also alleged that Hillstone failed
to pay all final wages owed to its non-exempt employees in California who
separated their employment with Hillstone.  As a result of the foregoing, Plaintiffs
also alleged that Hillstone failed to provide accurate wage statements, and is also
liable for civil penalties under the Private Attorneys General Act ("PAGA").

Hillstone denies Plaintiffs' allegations, denies any and all liability for any of the allegations, and believes that it properly paid the Class Members and did not commit any of the alleged violations. The Court has not decided in favor of Plaintiff or Hillstone on the merits of the Plaintiffs' claims, and there has not been a trial. Instead, the parties have reached a proposed agreement to settle these claims on a class-wide basis.

On _____, 2016, the Court preliminarily approved the parties' proposed Settlement as being a fair and reasonable settlement of the claims raised in this case, and this Notice. The Plaintiffs' attorneys believe that the Settlement is fair, reasonable and in the best interests of the Class Members. There will be a final settlement approval hearing before the Court on _____, 2016, at _____ a.m./p.m., at which time the Court will decide whether to grant final approval of the Settlement.

## II.     TERMS OF THE CLASS ACTION SETTLEMENT AGREEMENT AND STIPULATION

The Settlement will provide a maximum of $700,000 to resolve the claims of all Class Members (hereinafter referred to as the "Maximum Settlement Amount" or "MSA"). The Settlement will pay the Named Plaintiffs' attorneys' fees in this Action in an amount not to exceed 33.3% of the MSA, or stated differently, $233,100. The Settlement will also pay the Named Plaintiffs' verified attorneys' costs in this Action in an amount not to exceed $40,000.00 from the MSA. The Settlement will also collectively pay incentive payments in an amount not to exceed $9,000.00 to the named Plaintiffs from the MSA ($5,000 to Plaintiff Bradescu, and $2,000 each to Plaintiffs Tamayo and Luminelli), to compensate them for their work in bringing the Action, assisting Class Counsel in its prosecution, and in exchange for a release of all claims known and unknown against Hillstone. The Settlement will also pay Settlement Administration costs in the estimated amount of $25,000.00 from the MSA. Any amount of un-awarded attorneys' fees, verified attorneys' costs, incentive payments, and/or Settlement Administration costs, not actually awarded by the Court, will remain the sole property of Hillstone. Pursuant to California Labor Code Section 2698, *et seq.,* a payment in the amount of $2,500.00 shall be made from the MSA to the California Labor & Workforce Development Agency ("LWDA") for penalties under California's Private Attorney General Act ("PAGA"), Labor Code section 2698, *et seq*. The Net Settlement Amount ("NSA") will be the amount remaining after

deducting the amounts specified above from the MSA.  The NSA is currently estimated to be no less than $390,400.00.  Individual Settlement Payments to Settlement Class Members shall be awarded from the NSA based on the following apportionments:

a.      California Class Members: Sixty-Five Percent (65.0%) of the NSA shall be distributed to the California Settlement Class Members on a pro rata basis, according to the total number of workweeks these subclass members worked during the period April 5, 2011 through the date of the preliminary approval order.

b.      FLSA Class Members: Thirty-Five Percent (35.0%) of the NSA shall be distributed to the FLSA Settlement Class Members on a pro rata basis, according to the total number of workweeks these subclass members worked during the period August 22, 2010 through the date of the preliminary approval order.

The parties have agreed that each currently employed California Class Member who does not opt out of the Settlement (see Section IV, below) will receive payments pursuant to the Settlement. However, if you are a former employee of Hillstone, or are employed outside of California, you must fill out the enclosed Claim Form by [insert opt-in deadline] to receive a payment under the terms of the Settlement.

### III.    CONTACT INFORMATION FOR SETTLEMENT ADMINISTRATOR AND CLASS COUNSEL

The Settlement Administrator can provide answers to commonly asked questions about the Settlement.  If you would like more information, you should contact the Settlement Administrator toll-free at _____ or via email at _____.  You may also contact Counsel for the Class ("Class Counsel") or Hillstone's counsel at the following addresses and telephone numbers:

| Class Counsel<br>**BOREN, OSHER & LUFTMAN LLP**<br>Paul K. Haines (SBN 248226)<br>Email: phaines@bollaw.com<br>Fletcher W. Schmidt (SBN 286462)<br>Email: fschmidt@bollaw.com | Counsel for Hillstone<br>**SHEPPARD MULLIN RICHTER & HAMPTON LLP**<br>Greg S. Labate. Esq.<br>Matthew M. Sonne, Esq. |
|---|---|

222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Tel: (310) 322-2220
Fax: (310) 322-2228

**BURROWS LAW FIRM**
Christopher L. Burrows (SBN 222301)
Email: cburrows@cburrowslaw.com
8383 Wilshire Boulevard, Suite 634
Beverly Hills, California 90211
Tel: (310) 526-9998
Fax: (424) 644-2446

Lisa M. Harris, Esq.
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

**PLEASE DO NOT CALL OR CONTACT THE COURT OR THE GENERAL COUNSEL OF HILLSTONE.**

## IV.  COURT APPROVAL, OBJECTIONS, AND OPT-OUTS

There will be a Court hearing on _____, 2016, at _____ a.m/p.m., at which time the Court will decide whether or not to finally approve the Settlement.  The hearing will take place at the United States District Court for the Central District of California, 312 N. Spring St, George H. Wu, presiding.

You may elect to do nothing.  If you do nothing, and you are currently employed by Hillstone in California, you will receive a Settlement Payment from the Settlement funds allocated to the various Subclasses as described above, as long as you are a member of one or more of those Subclasses. However, if you are a former employee, or are employed outside of California, and do not fill out and return the enclosed Claim Form by [insert opt-in deadline], you will not receive any settlement payment.  Whether you are a current or former employee of Hillstone, if you are a member of the California Class and you do nothing, you will be bound by the terms of the Settlement and/or by any other final disposition of this Action.  Specifically, you will be bound by the terms of the release as described in Section V below and therefore be forever barred from pursuing any claims against the Released Parties (defined below) that are covered by the release.

If you are a California Class Member, you may also opt out of the Settlement.  In order to opt out of the Settlement, you must submit the enclosed Exclusion Form to the Settlement Administrator at the mailing address, fax number

or email address listed below, so that it is postmarked (or time-stamped) no later than [insert objection deadline].  This Exclusion Form must be signed by you and must include your name, address, phone number, and last four digits of your social security number, as indicated in the attached Exclusion Form.  If you opt out of the Settlement, you will not receive a share from the Settlement and you will not be bound by the resolution of this case.  Class Members who request exclusion may not file objections, and any objections filed by Class Members who timely request exclusion will be disregarded.  Any California Class Members who fail to file an opt-out request as set forth above shall be bound by the Settlement with respect to the Rule 23 Settled Claims (with respect to FLSA Class Members who have worked exclusively outside of California, these individuals must affirmatively opt-in to the Settlement in order to release any claims under the FLSA, and to receive an Individual Settlement Payment).

You also have the option to object to the Settlement.  To object, you must file and serve a written objection on the Settlement Administrator at the mailing address, fax number or email address listed below.   Your objection must be received by the Settlement Administrator no later than [insert deadline].  The objection must be in writing and state with particularity the basis on which the objection is asserted.  The objection must also state that you object to the Settlement and include the following information: your name, address, phone number, last four digits of your social security number, and the name and number of the case, which is MAIA BRADESCU, ET AL. V. HILLSTONE RESTAURANT GROUP, INC., Case No. SACV 13-1289-GW(RZx).  If you have served a timely written objection in the manner specified above, you may (but are not required to) attend the Court hearing on _____, 2016.  However, if you intend to appear at the final approval hearing, either in person or through counsel, you must include notice of that fact and state the purpose for your appearance in your objection. You will be permitted to withdraw your objection prior to or at the hearing.  Counsel for the parties will bring to the Court's attention all objections received by the hearing date.  If the Court approves the Settlement over your objection, you will be bound by the Settlement, and all of the terms in this Notice will apply to you.

Opt-out correspondence and/or objections must be submitted to the Settlement Claims Administrator at the following mailing address, fax number or email address:

[insert ILYM info, mailing address, fax number, email address]

If the Court grants final approval of the Settlement, then a judgment will be entered and the amounts described herein will be distributed after the time to appeal or otherwise challenge the Settlement has lapsed.  The hearing may be continued (moved to another date) without further notice to you.  If the Court does not grant final approval, the conditional Settlement will be voided, no money will be paid, and the case will revert to litigation.

It is your responsibility to keep the Settlement Administrator apprised of your correct address; please contact the Settlement Administrator with any change of address.

## V.  <u>BINDING EFFECT AND RELEASE OF CLAIMS</u>

Unless you timely opt-out of the Settlement (unless you are exclusively a member of the FLSA Settlement Class, in which case you must opt-in), you shall fully and finally release and discharge all Released Parties of all California Released Claims and FLSA Released Claims against all Released Parties, as these terms are defined below, and in the Settlement Agreement on file with this Court. Moreover, you shall be permanently enjoined and forever barred from prosecuting any and all California Released Claims and/or FLSA Released Claims against the Released Parties and obtaining any recovery and/or relief in the future for any acts occurring on or before the end of the respective Settlement Class Periods, that either or both:  (1) are alleged in the Action, or (2) could have been alleged in the Action based on the factual allegations in any of the operative complaints in the Action.

"Released Parties" means: Defendant Hillstone Restaurant Group, Inc. and each of its parent companies and subsidiaries, and past or present affiliates, shareholders, members, representatives, agents, accountants, insurers, reinsurers, attorneys, auditors, consultants, and any past, present, or future officers, directors and employees, and each of their predecessors, successors, heirs, and assigns, and any individual or entity which could be jointly liable with Defendant.

The term "Settlement Class Period" means: (a) for the FLSA Class the time from August 22, 2010 through the date upon which the Court executes the Preliminary Approval Order; and (b) for the California Class the time from April 5, 2011 through the date upon which the Court executes the Preliminary Approval

Order.

"Released Claims" for the California Class Members include those reasonably related to claims in the Action, including but not limited to state and/or federal wage and hour claims for unpaid wages, unreimbursed business expenses, overtime, meal periods, rest periods, wage statement violations, interest, penalties, and attorneys' fees, waiting time penalties, withholding from wages and the related provisions of the Labor Code including but limited to Labor Code Sections 201-204, 210, 216, 218.6, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1198, 2698 *et seq.*, derivative claims under California Business & Professions Code Sections 17200 *et seq.* and all claims under the Wage Order, Fair Labor Standards Act claims and the Private Attorneys General Act of 2004, as they relate to the Released Claims within the Settlement Class Period as defined above. A California Class Member will be deemed to have opted to release the FLSA Settled Claims, upon the affirmative step of endorsing and cashing his/her Individual Settlement Payment.

"Released Claims" for the FLSA Class Members who opt-in include those reasonably related to claims in the Action, including but not limited to federal wage and hour claims for unpaid overtime, liquidated damages, interest, penalties, and attorneys' fees, recoverable under the Fair Labor Standards Act and state wage and hour claims predicated on the same facts and/or legal theories as the federal wage and hour claims.

## V.  <u>TIMING AND ALLOCATION OF SETTLEMENT PAYMENTS</u>

If the Court grants final approval of the Settlement, the Settlement Administrator will mail the Settlement Payments to each Settlement Class Member after the time to appeal or otherwise challenge the Settlement has lapsed.

All Individual Settlement Payments will be allocated as follows:  25% to settlement of wage claims and 75% for settlement of claims for interest, reimbursement of expenses, and statutory penalties.  The Parties agree that 25% of all payments to Participating Class Members will be treated as wages subject to W-2 reporting and, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal law.  All payroll taxes and other applicable taxes, excluding the employer's portion of the payroll taxes, shall be taken out of the Maximum Settlement Amount.  Participating Class Members will be issued an IRS Form 1099 for the portion of their Individual Settlement Payments attributable to

the settlement of claims for interest, reimbursement of expenses, and statutory penalties, and will assume full responsibility and liability for the payment of taxes due on such awards.   The parties make no representations about the tax consequences to the portion of the Individual Settlement Payments representing interest, reimbursement of expenses, and statutory penalties, and Class Members are encouraged to consult with their own tax preparers and/or accountants to determine how these payments may affect their tax liability.

If a Settlement Class Member does not negotiate his or her Settlement Check within 90 days following the issuance of the checks, such check will be void and will escheat to the State of California Controller's office for the benefit of such Settlement Class Member (or to the applicable state in which the Settlement Class Member resides if outside of California).   This Settlement shall be binding upon such Settlement Class Member whether or not such Settlement Class Member makes a claim with the applicable Controller's office for the Settlement Payment or ever otherwise receives the Settlement Payment.

# Exhibit 2

### *MAIA BRADESCU, ET AL. V. HILLSTONE RESTAURANT GROUP, INC.,*
### *Case No. SACV 13-1289-GW(RZx)*
### *(U.S. District Court for the Central District of California)*

| Claim #:<br>Name<br>Address<br>City, State, Zip<br>(          ) | Name/Address Changes, if any |
|---|---|
| Area Code    Home Telephone Number | |

*If you are a former employee or exclusively a member of the FLSA Class (as that term is defined in the Notice of Settlement), in order to receive your portion of the Settlement funds, you must complete all requested information, sign, date and return this form, postmarked no later than _____, 2016, addressed to:*

*Hillstone Restaurant Group, Inc.* Claims Administration
<<Claims Administrator>>
<<Address>>
<<Phone>>

**IF YOU FAIL TO RETURN THIS FORM, POSTMARKED BY _____, 2016, YOU WILL <u>NOT</u> BE ELIGIBLE TO RECEIVE ANY OF THE SETTLEMENT FUNDS.**

<u>EMPLOYMENT INFORMATION.</u>

The records of Hillstone Restaurant Group, Inc. ("Hillstone" or the "Company") indicate that you worked in a Covered Position ("Covered Position" means any non-culinary position, including, but not limited to, Bartender, Service Bar, Bar Back, Service Bartender, Night Service Bar, Server, Greeter, Service Assistant, Night Checkout, Cocktail, Restaurant Other, Rover, Flying Chicken, Cart Driver, Cleaning R & M, Hourly Manager, and/or Dining Room Key Employee) in California between April 5, 2011 through [insert preliminary approval date] and/or elsewhere in the United States between August 22, 2010 through [insert preliminary approval date].

Hillstone's records indicate that you worked a total of _____ compensable workweeks during this time frame.  If that number is correct, your **estimated** gross settlement share (<u>before</u> taxes and withholdings) is roughly $_____ ("Settlement Award").

**Please note:** This share amount *is an estimate only* and will change if the estimated fees and costs are different than estimated, or if not all Class Members submit timely and proper claim forms (as described in the Notice).  All Settlement Awards are subject to tax, withholdings and reporting to the IRS and state tax authorities.

<u>DISPUTING EMPLOYMENT INFORMATION.</u>

If you dispute the number of compensable workweeks, as indicated above, you must provide your correct number of workweeks during the timeframe indicated above.  If applicable, please provide that information here:

_____

You must also include documentary evidence that supports these adjusted numbers. Your disputed claim will not be reviewed without submission of supporting evidence. You understand that by submitting this dispute, you hereby authorize the Parties and the Settlement Administrator to review the Company's records and make a

determination based on the Company's records and any records you submitted.  You understand that the Settlement Administrator's determination will be final and binding.  You understand that you may contact Class Counsel regarding your challenge, if you wish.

***It is your responsibility to contact the Claims Administrator to provide it with your current address, and any changes of address.***

**For former California employees:  By signing this Settlement Claim Form, I understand that I am releasing** Hillstone Restaurant Group, Inc. and each of its parent companies and subsidiaries, and past or present affiliates, shareholders, members, representatives, agents, accountants, insurers, reinsurers, attorneys, auditors, consultants, and any past, present, or future officers, directors and employees, and each of their predecessors, successors, heirs, and assigns, and any individual or entity which could be jointly liable with Defendant (the "Released Parties"), from any and all claims that reasonably relate to claims in the Action, including but not limited to state and/or federal wage and hour claims for unpaid wages, unreimbursed business expenses, overtime, meal periods, rest periods, wage statement violations, interest, penalties, and attorneys' fees, waiting time penalties, withholding from wages and the related provisions of the Labor Code including but limited to Labor Code Sections 201-204, 210, 216, 218.6, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1198, 2698 *et seq.*, derivative claims under California Business & Professions Code Sections 17200 *et seq.* and all claims under the Wage Order, Fair Labor Standards Act ("FLSA") and the Private Attorneys General Act of 2004, as they relate to the Released Claims within the Settlement Class Period as defined in the Notice of Settlement.  I also understand that I am consenting to join the lawsuit as a party plaintiff under the FLSA.

**For all FLSA Class Members:**  I understand that by signing this Settlement Claim Form, I am consenting to join the lawsuit as a party plaintiff under the FLSA, and shall be deemed to have fully released and discharged the Released Parties from any and all claims reasonably related to claims in the Action, including but not limited to federal wage and hour claims for unpaid overtime, liquidated damages, interest, penalties, and attorneys' fees, recoverable under the FLSA and state wage and hour claims predicated on the same facts and/or legal theories as the federal wage and hour claims.

**CERTIFICATION OF ELIGIBILITY**

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I worked for Hillstone Restaurant Group, Inc. in a Covered Position in California between April 5, 2011 through [insert preliminary approval date] and/or elsewhere in the United States between August 22, 2010 through [insert preliminary approval date].**

**By submitting this claim form, I consent to being a party-plaintiff in the lawsuit entitled *MAIA BRADESCU, ET AL. V. HILLSTONE RESTAURANT GROUP, INC.*, and releasing any and all claims under the FLSA.**

Dated: _____, 2016

                                               _____
Signature

                                               _____
Print Name

                                               ____  ____  ____  ____
Last 4 Digits of Social Security Number

**Exhibit 3**

# REQUEST FOR EXCLUSION FROM CLASS ("OPT OUT") FORM

***Maia Bradescu, et al. v. Hillstone Restaurant Group, Inc.***
**United States District Court, Central District of California**
**Case No.: SACV 13-1289 GW(RZx)**

**IF YOU *DO NOT* WISH TO BE PART OF THE CLASS, COLLECTIVE AND REPRESENTATIVE ACTION SETTLEMENT, YOU MUST *COMPLETE*, *SIGN* AND *MAIL* THIS FORM, POSTMARKED ON OR BEFORE [INSERT DATE], ADDRESSED AS FOLLOWS:**

| [CLAIMS ADMINSTRATOR CONTACT INFO] |
| --- |

**DO NOT SUBMIT THIS FORM IF YOU WISH TO RECEIVE A PAYMENT UNDER THE SETTLEMENT.**

     **IT IS MY DECISION NOT TO PARTICIPATE IN THE CLASS, COLLECTIVE AND REPRESENTATIVE ACTION REFERRED TO BELOW, AND NOT TO BE INCLUDED IN ANY OF THE CLASSES OF PLAINTIFFS IN THAT ACTION. I UNDERSTAND THAT BY EXCLUDING MYSELF, I WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT AND ANY CLAIMS I HAVE WILL NOT BE RELEASED. I ALSO UNDERSTAND THAT I WILL NOT HAVE STANDING TO OBJECT TO THE SETTLEMENT OR TO CLASS COUNSEL'S MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS PAYMENT.**

I confirm that I have received notice of the proposed settlement in this action. I have decided to be excluded from the class, and I have decided not to participate in the proposed settlement.

_____

First Name                  Middle Initial              Last Name

_____

Former Name (if any); First      Middle Initial              Last Name

_____

Current Mailing Address         City          State         Zip

_____    _____

Phone Number                   Last Four Digits of Social Security Number

Date: _____          _____
                                     Signature

                                     _____
                                     Print