# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIA BRADESCU, STEVEN LUMINELLI, and VANESSA TAMAYO, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HILLSTONE RESTAURANT GROUP, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants | Case No. SACV 13-1289-GW(RZx)<br>Assigned to: Hon. George H. Wu<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT** |

On December 10, 2015, February 8, 2016, and February 18, 2016 the Court heard a motion by Maia Bradescu, Steven Luminelli, and Vanessa Tamayo ("Plaintiffs") to preliminarily approve a class, collective and representative action settlement. The Court has considered Plaintiffs' motion, the Settlement Agreement ("Settlement"), the proposed Class Notice, proposed Claim Form and proposed Request for Exclusion Form, and the submissions of counsel, and hereby finds and orders as follows:

1. The Court finds on a preliminary basis that the class action settlement memorialized in the Settlement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval;

2. The Court conditionally certifies, for settlement purposes only, the following settlement classes ("Settlement Classes"):

   **California Settlement Class**: All current and former non-exempt employees of Hillstone who performed work in California in any Covered Positions ("Covered Positions" means any non-culinary position, including, but not limited to, Bartender, Service Bar, Bar Back, Service Bartender, Night Service Bar, Server, Greeter, Service Assistant, Night Checkout, Cocktail, Restaurant Other, Rover, Flying Chicken, Cart Driver, Cleaning R & M, Hourly Manager, and/or Dining Room Key Employee),between April 5, 2011 through February 23, 2016.

   **FLSA Settlement Class**: All current and former non-exempt employees of Hillstone employed throughout the United States (excluding California) who worked in any Covered Positions ("Covered Positions" means any non-culinary position, including, but not limited to, Bartender, Service Bar, Bar Back, Service Bartender, Night Service Bar, Server, Greeter, Service Assistant, Night Checkout, Cocktail, Restaurant Other, Rover, Flying Chicken, Cart Driver, Cleaning R & M, Hourly Manager, and/or Dining Room Key Employee), between August 22, 2010 through February 23, 2016.

   The Court finds that, for settlement purposes only, the requirements of 29 U.S.C. § 216(b) and Federal Rule of

       Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) which the Court need not address for purposes of settlement;

3. The Court appoints, for settlement purposes only, Maia Bradescu, Steven Luminelli, and Vanessa Tamayo, as the Class Representatives;

4. The Court appoints, for settlement purposes only, Paul K. Haines and Fletcher W. Schmidt of Boren, Osher & Luftman LLP, and Christopher L. Burrows of Burrows Law Firm as Class Counsel for settlement purposes;

5. The Court appoints ILYM Group, Inc., as the Claims Administrator for mailing the Class Notice, Claim Form, and the Request for Exclusion;

6. The Court approves the Settlement Agreement, and as to form and content, the Class Notice, the Claim Form, and the Request for Exclusion Form, filed concurrently with this Order as Exhibits 1, 2, and 3, respectively, to the Settlement Agreement filed concurrently herewith. The Claims Administrator is to mail the Class Notice, the Claim Form, and the Request for Exclusion Form to the Class Members as provided in the Settlement.

7. Each Class Member who does not timely submit a Request for Exclusion Form will have sixty (60) days after the date on which the Claims Administrator mails the Class Notice to object to the Settlement by serving the Claims Administrator and/or filing with the Court, by the sixty (60) day deadline, a written objection to the Settlement. Each Class Member who does wish to be excluded from the Class will have sixty (60) days from the date the Class Notice is originally mailed to opt-out of the Class.

8. The Court will conduct a Final Approval Hearing on June 27, 2016 at 8:30 a.m., to determine the overall fairness of the settlement and to fix the amount of reasonable attorneys' fees and costs to Class Counsel and

enhancement payment to the Class Representatives. The Final Approval Hearing may be continued without further notice to Class Members. Class Counsel shall file their motion for approval of the settlement, including approval of reasonable attorneys' fees, costs, and the Class Representative payments sought in the Settlement, on or before May 13, 2016.

9. An implementation schedule is below:

| Event | Date |
| --- | --- |
| Provide class contact information to Claims Administrator | March 14, 2016 |
| Claims Administrator to mail Class Notice to the Settlement Classes | March 24, 2016 |
| Class Counsel to file Motion for Attorneys' Fees and Class Representative Incentive Payment | May 13, 2016 |
| Deadline to Opt-in/Submit Claims (California Former Employees and FLSA Collective Action Members Outside of CA), Object, and/or Request Exclusion | May 23, 2016 |
| Plaintiff to file Motion for Final Settlement Approval | May 30, 2016 |
| Final Approval Hearing | June 27, 2016 at 8:30 a.m. |

IT IS SO ORDERED.

Dated: February 23, 2016      _____
            The Honorable George H. Wu
            United States District Judge

4

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT