JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIA BRADESCU, STEVEN LUMINELLI, and VANESSA TAMAYO, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HILLSTONE RESTAURANT GROUP, INC., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. SACV 13-1289-GW(RZx)<br><br>**AMENDED ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. George H. Wu<br>Date: July 7, 2016<br>Time: 8:30 a.m.<br>Dept.: 10 |

1

AMENDED [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL

1      This matter came on for hearing on June 27, 2016, at 8:30 a.m., and again on
2 July 7, 2016, at 8:30 a.m.,[1] in Department 10 of the United States District Court for
3 the Central District of California before the Honorable George H. Wu.  Due and
4 adequate notice having been given to the Settlement Class (as defined below), and
5 the Court having considered all papers filed and proceedings held herein, all oral
6 and written comments and any objections received regarding the proposed
7 settlement, and having reviewed the record in the above captioned matter, and
8 good cause appearing thereto,
9      IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS
10 FOLLOWS:
11      1.   The Court has jurisdiction over the subject matter of the above-
12 captioned action (the "Action"), the Class Representatives, Defendant Hillstone
13 Restaurant Group, Inc. ("Hillstone" or "Defendant"), and all members of the
14 California Settlement Class and the FLSA Settlement Class, which are defined as
15 follows (the California Settlement Class and FLSA Settlement Class are
16 collectively referred to herein as the "Settlement Class"):

> **California Settlement Class**:  All current and former non-exempt
> employees of Hillstone who performed work in California in any Covered
> Positions ("Covered Positions" means any non-culinary position, including,
> but not limited to, Bartender, Service Bar, Bar Check, Service Bartender,
> Night Service Bar, Server, Greeter, Service Assistant, Night Checkout,
> Cocktail, Restaurant Other, Rover, Flying Chicken, Cart Driver, Cleaning R

---

[1] The Court held the continued final approval hearing on July 7, 2016 at 8:30 a.m. for the purpose of clarifying the number of opt-outs from the California Settlement Class, as there were some discrepancies on this issue in the Claims Administrator's declarations filed in support of preliminary approval and final approval.  Following the filing of a supplemental declaration by the Claims Administrator in support of final approval, the Court's concerns regarding this issue have been adequately addressed. (*See* Docket Entry 147).

& M, Hourly Manager, and/or Dining Room Key Employee), between April 5, 2011 through February 23, 2016.

**FLSA Settlement Class**: All current and former non-exempt employees of Hillstone employed throughout the United States (excluding California) who worked in any Covered Positions ("Covered Positions" means any non-culinary position, including, but not limited to, Bartender, Service Bar, Bar Check, Service Bartender, Night Service Bar, Server, Greeter, Service Assistant, Night Checkout, Cocktail, Restaurant Other, Rover, Flying Chicken, Cart Driver, Cleaning R & M, Hourly Manager, and/or Dining Room Key Employee), between August 22, 2010 through February 23, 2016.

2.  The terms "Settlement" or "Settlement Agreement" shall refer to the Settlement Agreement filed by the Class Representatives as Exhibit A to the Declaration of Paul K. Haines in Support of Plaintiffs' Supplemental Brief Regarding Predominance in Support of Motion for Preliminary Approval, on February 1, 2016 (Docket Entry 136-1), and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein.

3.  The Court grants final approval of the Parties' Settlement Agreement because it meets the criteria for final settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Settlement Class fairly.

4.  The Court finds that the distribution by U.S. first-class mail of the Class Notice, Claim Form, and Opt-Out Form constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material

submitted in conjunction with the Final Approval Hearing, the Notice to the Settlement Class was adequate.  The Notice informed members of the Settlement Class of the terms of the Settlement, their right to participate in the Settlement and how to do so, their right to object to the Settlement or Class Counsel's Motion for Attorney's Fees and Costs and the Class Representatives' Incentive Payments, their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the Settlement and Class Counsel's motion for Attorney's Fees and Costs and the Class Representatives' Incentive Payments, and their right to exclude themselves from the Settlement and pursue their own remedies.  Adequate periods of time were provided by each of these procedures.  No members of the Settlement Class objected to the Settlement or Class Counsel's motion for Attorney's Fees and Costs and the Class Representatives' Incentive Payments, and only 23 California Settlement Class members opted out of the Settlement.

5.  The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Federal Rules 23(a), 23(b)(3) and the Fair Labor Standards Act.  Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Settlement Class, as defined above.  Because the Settlement Class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3).  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6.  The Court approves the Settlement, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representatives, and Defendant (collectively the "Settling Parties").  The Settling Parties and the Claims Administrator are

directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. Except as to any member of the California Settlement Class who has validly and timely opted out of the Settlement, and all Settlement Class members who are solely members of the FLSA Settlement Class and who did not opt-in, all of the claims asserted in the Action are dismissed with prejudice as to the Class Representatives and the members of the Settlement Class. The Settling Parties are to bear their own attorney's fees and costs, except as otherwise provided in the Settlement Agreement.

8. By this Judgment, the Class Representatives and California Settlement Class members who have not validly and timely opted out of the Settlement, and all FLSA Settlement Class members who have affirmatively opted-in (collectively the "Releasing Members"), hereby release Defendant and the Released Parties (as defined in the Settlement Agreement) from the Released Claims (as defined in the Settlement Agreement).

9. By this Judgment, the Releasing Members and Class Counsel shall be deemed to have released all claims for attorney's fees and costs incurred in connection with the litigation and settlement of the Action.

10. The Action is dismissed on the merits and with prejudice, permanently barring the Releasing Members from prosecuting any of the Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representatives, the Settlement Class, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

11.     The Court finds that the plan of allocation for the shares of the Net Settlement Proceeds as set forth in the Settlement Agreement is fair and reasonable, and that distribution of the Net Settlement Proceeds to the Settlement Class shall be done in accordance with the terms outlined in the Notice and Settlement Agreement.

12.     The Court hereby confirms the appointment of Maia Bradescu, Vanessa Tamayo, and Steven Luminelli as Class Representatives for the Settlement Class for purposes of settlement.

13.     The Court hereby confirms the appointment of Paul K. Haines and Fletcher W. Schmidt of Haines Law Group, APC and Christopher L. Burrows of Burrows Law Firm as Class Counsel for the Settlement Class for purposes of settlement and the releases and other obligations therein.

14.     Defendant has agreed for the Claims Administrator to pay from the Maximum Settlement Amount: (i) the Claims Administrator its reasonable fees for its services; and (ii) the Incentive Payments to the Class Representatives to reimburse them for their valuable services to the Settlement Class.  The Court hereby approves the payment of settlement administration costs in the amount of $39,000 to ILYM Group, Inc., the Claims Administrator, for services rendered in this matter.  The Court also approves the Incentive Payments to Class Representative Bradescu in the amount of $5,000, to Class Representative Tamayo in the amount of $2,000, and to Class Representative Luminelli in the amount of $2,000, to reimburse the Class Representatives for their valuable services in initiating and maintaining this litigation and the benefits conferred onto the Settlement Class and Defendant's current and future employees as a result of the Action.  The Court finds that these payments are fair and reasonable. The Claims

Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

15. The Court hereby awards to Class Counsel the amount of $233,100 for attorney's fees, and the amount of $38,911.31 for costs. Based on Plaintiffs' Motion for Attorney's Fees, Costs, and Class Representative Incentive Payments, the Court finds that Class Counsel advanced legal theories on a contingent-fee basis, and that their efforts resulted in a substantial monetary recovery for the Settlement Class. The Court finds this payment to be fair and reasonable. The Claims Administrator is ordered to wire these funds to Class Counsel in accordance with the terms of the Settlement Agreement.

16. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: July 8, 2016        _____
                           The Honorable George H. Wu
                           United States District Judge